THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LASHONN WHITE,

      Plaintiff,

vs.

CITY OF TACOMA, RYAN
KOSKOVICH, MICHAEL YOUNG,
MICHAEL LIM, CAROL KRANCICH,
PIERCE COUNTY, JOHN AND/OR
JANE DOE, NUMBERS 1 THROUGH
10,

      Defendants.

NO.   3:12-cv-05987-RBL

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS

DATED this ___ day of February, 2014.

ELIZABETH A. PAULI, City Attorney

By:   _____

JEAN HOMAN
WSB #27084
Assistant City Attorney
Attorney for Defendants, City,
Koskovich, Young, Lim & Krancich

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 1 of 20
(3:12-cv-05987-RBL)

# **TABLE OF CONTENTS**

**Page**

1.   Instruction No. 1
     Claims and Defenses....................................................................4

2.   Instruction No. 2
     Section 1983 Claim Against Defendant in Individual
     Capacity-Elements and Burden of Proof (Koskovich) ...................5

3.   Instruction No. 3
     Section 1983 Claim Against Defendant in Individual
     Capacity-Elements and Burden of Proof (Young) .........................6

4.   Instruction No. 4
     Particular Rights-Fourth Amendment-Unreasonable
     Seizure of Person-Excessive (Nondeadly) Force...........................7

5.   Instruction No. 5
     Particular Rights-Fourth Amendment-Unreasonable
     Seizure of Person-Generally...........................................................8

6.   Instruction No. 6
     Particular Rights-Fourth Amendment-Unreasonable
     Seizure of Person-Probable Cause Arrest .....................................9

7.   Instruction No. 7
     Probable Cause-Additional  .........................................................10

8.   Instruction No. 8
     Obstructing a Public Servant .......................................................11

9.   Instruction No. 9
     Criminal Assault ...........................................................................12

10.  Instruction No. 10
     Malicious Prosecution ..................................................................13

11.  Instruction No. 11
     Malice-Definition  ........................................................................14

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 2 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

12.   Instruction No. 12
      Section 1983 Claim Against Local Governing Body
      Defendants Based on Official Policy, Practice, or
      Custom-Elements and Burden of Proof ........................................... 15

13.   Instruction No. 13
      Section 1983 Claim Against Local Governing Body
      Defendants Based on Policy of Failure to Train
      Elements and Burden of Proof....................................................... 16

14.   Instruction No. 14
      ASL Interpreters for on the Scene Investigations ............................ 18

15.   Instruction No. 15
      Damages-Proof ............................................................................. 19

16.   Instruction No. 16
      Nominal Damages.......................................................................... 20

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 3 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

## INSTRUCTION NO. 1

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff has asserted claims against Tacoma Police Officers Ryan Koskovich and Michael Young, as well as the City of Tacoma and Pierce County.

With regards to the Tacoma defendants, plaintiff alleges that she was unlawfully arrested without probable cause by Officers Koskovich and Young on April 6, 2012, after the officers were dispatched to respond to the report of an assault.   Plaintiff also alleges that Officer Koskovich violated her Fourth Amendment rights by using excessive force when he used an Electronic Control Tool (also known as a Taser).   Plaintiff claims that Officer Young maliciously prosecuted her, in violation of her rights under federal and state law.   Plaintiff also alleges that the City of Tacoma had a policy of inadequate training regarding when to obtain an ASL interpreter during an on-scene investigation and a longstanding practice of denying deaf suspects an ASL interpreter during an on-scene investigation.   The Plaintiff alleges that the City's alleged failure to train and longstanding practice caused plaintiff to be arrested without probable cause. Plaintiff also alleges that Officers Koskovich and Young committed the tort of Outrage against her.   The plaintiff has the burden of proving these claims.

The defendants City of Tacoma, Officer Koskovich, and Officer Young deny those claims.   The defendants contend that the force used by Officer Koskovich was reasonable in light of the circumstances known to the officers at the time.   The defendants further contend the arrest of plaintiff was supported by probable cause.   The defendants deny that any prosecution was undertaken with malice, and they further deny that the defendant engaged in extreme conduct with the intent to cause severe emotional distress to the plaintiff. Further, the defendant City of Tacoma expressly denies that its officers are inadequately trained, and further contends that there is no obligation under the ADA to provide ASL interpreters at the scene of an investigation.   Finally, defendant City of Tacoma denies that its policies and practices resulted in plaintiff being arrested without probable cause.

[INSERT PLAINTIFF'S CLAIMS AGAINST THE COUNTY]

Authority:    Ninth Circuit Model Civil Jury Instruction 1.2 (modified)

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 4 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

## INSTRUCTION NO. 2

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on her § 1983 claims against Defendant Ryan Koskovich, the plaintiff must prove each of the following elements by a preponderance of the evidence:

    1.    the Defendant acted under color of law; and

    2.    the acts of the Defendant deprived the plaintiff of her particular rights the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.   I instruct you that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction Nos. [INSERT] for her claim of Excessive Force as against Officer Koskovich, your verdict should be for the plaintiff.   If, on the other hand, the plaintiff has failed to prove any one or more of these elements on her claim of Excessive Force, your verdict should be for the defendant.

Similarly, if you find that plaintiff has provided all the elements she is required to provide under Instruction Nos. [INSERT] for her claim of False Arrest as against Officer Koskovich, your verdict should be for the plaintiff.   If, on the other hand, the plaintiff has failed to prove any one or more of these elements on her claim of False Arrest as against Officer Koskovich, your verdict should be for the defendant.

**Authority:**   Ninth Circuit Model Civil Jury Instruction 9.2 (modified)

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 5 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

## INSTRUCTION NO. 3

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on her § 1983 claims against Defendant Michael Young, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   the Defendant acted under color of law; and

2.   the act[s] of the Defendant deprived the plaintiff of her particular rights  under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.   I instruct you that the Defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction Nos. [INSERT] for her claim of False Arrest as against Officer Young, your verdict should be for the plaintiff.   If, on the other hand, the plaintiff has failed to prove any one or more of these elements on her claim of False Arrest as against Officer Young, your verdict should be for the defendant.

Similarly, if you find that plaintiff has provided all the elements she is required to provide under Instruction Nos. [INSERT] for her claim of Malicious Prosecution as against Officer Young, your verdict should be for the plaintiff.   If, on the other hand, the plaintiff has failed to prove any one or more of these elements on her Malicious Prosecution, your verdict should be for the defendant.

**Authority:**   Ninth Circuit Model Civil Jury Instruction 9.2 (modified)

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 6 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

## INSTRUCTION NO. 4

## PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (NONDEADLY) FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in defending himself or others.   Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Officer Koskovich used excessive force when he deployed his Electronic Control Tool (also known as a Taser).

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.   In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether Officer Koskovich used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.     The severity of the crime or other circumstances to which the officer was responding;

2.     Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3.     Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.     The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.     The type and amount of force used;

6.     The availability of alternative methods to subdue the plaintiff;

**Authority:**     Ninth Circuit Model Civil Jury Instruction 9.7

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 7 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

# INSTRUCTION NO. 5

## PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—GENERALLY

As previously explained, the plaintiff has the burden to prove that the act[s] of the defendants deprived the plaintiff of particular rights under the United States Constitution.   In this case, the plaintiff alleges the defendants deprived her of her rights under the Fourth Amendment to the Constitution when Officers Koskovich and Officer Young arrested plaintiff for Criminal Assault and Obstruction of a Public Servant.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person.   In order to prove the defendants deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      Officer Koskovich and Officer Young seized the plaintiff's person;

2.      in seizing the plaintiff's person, Officer Koskovich and Officer Young acted intentionally; and

3.      the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority.   A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about her business.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.   Thus, the plaintiff must prove the defendant meant to engage in the act[s] that caused a seizure of the plaintiff's person.   Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the seizure.

**Authority:** Ninth Circuit Model Civil Jury Instruction 9.18 (modified)

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 8 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

## INSTRUCTION NO. 6

## PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE ARREST

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that she was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under local law, it is a crime to Obstruct a Public Servant and it is a crime to commit Criminal Assault.

**Authority:**   Ninth Circuit Model Civil Jury Instruction 9.20

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 9 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

# INSTRUCTION NO. 7

## PROBABLE CAUSE - ADDITIONAL

If there was probable cause to arrest, Officer Koskovich and Officer Young did not need to do more investigation to uncover evidence that Plaintiff was innocent.

An officer may have probable cause even where his reasonable understanding of the facts turns out to be mistaken.   Police officers need not resolve every doubt about a suspect's guilt before probable cause is established.

**Authority:**   Beier v. City of Lewiston, 354 F.3d 1058, 1065 (9th Cir. 2004);
Gallegos v. City of Los Angeles, 308 F.3d 987, 992 (9th Cir. 2002);
Torchinsky v. Siwinski, 942 F.2d 257, 264 (4th Cir. 1991).

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 10 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

**INSTRUCTION NO. 8**

**OBSTRUCTING A PUBLIC SERVANT**


    Under the Tacoma Municipal Code, a person commits the crime of Obstructing a Public Servant when he or she knowingly hinders, delays, or obstructs any public servant in the discharge of his or her official powers or duties.

**Authority:**    TMC 8.17.015 (A)(2); WPIC 120.01 (modified from "person willfully hinders" to "person knowingly hinders")

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

**INSTRUCTION NO. 9**

**CRIMINAL ASSAULT**


Under the Tacoma Municipal Code, a person commits the crime of Criminal Assault when he or she assaults another.

**Authority:**   TMC 8.12.013; WPIC 35.25 (modified)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

# INSTRUCTION NO. 10

# MALICIOUS PROSECUTION

Plaintiff claims that Defendant Officer Michael Young violated her rights by initiating the prosecution of plaintiff for Criminal Assault and Obstructing a Public Servant.

To establish this claim of malicious prosecution, plaintiff must prove each of the following things by a preponderance of the evidence:

1. the prosecution was instituted or continued by the Defendant;

2. the Defendant intended to deprive plaintiff of her constitutional rights;

3. there was want of probable cause for the institution or continuation of the proceeding; and

4. the proceeding was instituted or continued through malice,

5. the proceeding was terminated on the merits in favor of the plaintiff or was abandoned; and

6. plaintiff suffered injury as a result of the prosecution.

**Authority:** Usher v. City of Los Angeles, 828 F.2d 556, 561-62 (9th Cir. 1987); Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc); Bender v. City of Seattle, 99 Wn.2d 582, 593, 664 P.2d 492 (1983).

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 13 of 20
(3:12-cv-05987-RBL)

# INSTRUCTION NO. 11

## MALICE - DEFINITION

Malice may be inferred from lack of probable cause and from proof that an investigation or prosecution was undertaken with improper motives or reckless disregard for a plaintiff's rights.   But malice may not be inferred from the lack of probable cause alone.

For the inference of malice to be justified, the plaintiff must also demonstrate affirmative acts disclosing at least some feeling of bitterness, animosity or vindictiveness towards the plaintiff.   The "reckless disregard" that can support an inference of malice requires proof of bad faith, a higher standard than negligence.   Recklessness may be shown by establishing that the defendant actually entertained serious doubts.

Impropriety of motive may be established in cases of this sort by proof that the defendant instituted the criminal proceedings against the plaintiff: (1) without believing her to be guilty, or (2) primarily because of hostility or ill will toward her, or (3) for the purpose of obtaining a private advantage as against her.

**Authority:**   Freeman v. City of Santa Ana, 68 F.3d 1180 (9th Cir. 1995); Wright v. Pierce County, 2013 U.S. Dist. LEXIS 122135, *16-17 (W.D. Wash. Aug. 27, 2013); Bender v. City of Seattle, 99 Wn.2d 582, 593, 664 P.2d 492 (1983); Youker v. Douglas County, 162 Wn. App. 448, 464, 258 P.3d 60 (2011); Peterson v. Littlejohn, 56 Wn. App.1, 19, 781 P.2d 1329 (1989).

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 14 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

**INSTRUCTION NO. 12**

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE, OR CUSTOM—ELEMENTS AND BURDEN OF PROOF**

Plaintiff LaShonn White alleges the City of Tacoma had a long standing practice of denying deaf suspects an ASL interpreter during an on-the-scene investigation, and this practice caused plaintiff to be arrested without probable cause.

In order to prevail on her § 1983 claim against defendant City of Tacoma alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   Officers Koskovich and Young acted under color of law;

2.   the act[s] of Officers Koskovich and Young deprived the plaintiff of her particular rights under the United States Constitution as explained in later instructions; and

3.   Officers Koskovich and Young acted pursuant to a longstanding practice or custom of the defendant.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.   I instruct you that Officers Koskovich and Young acted under color of law when they arrested plaintiff LaShonn White.

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant City of Tacoma.   A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violator was not disciplined, reprimanded or punished.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction Nos.   [INSERT INSTRUCTION NO. FOR FALSE ARREST (9.18) AND PROBABLE CAUSE (9.20)] your verdict should be for the plaintiff.   If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Ninth Circuit Pattern Jury Instruction 9.4 (modified)

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 15 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

**INSTRUCTION NO. 13**

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON POLICY OF FAILURE TO TRAIN—ELEMENTS AND BURDEN OF PROOF**

Plaintiff LaShonn White alleges that the City of Tacoma had a policy of failing to train its police officers on when and how to obtain interpreter services when dealing with a deaf suspect during an on-the-scene investigation, and this alleged failure to train caused plaintiff to be arrested without probable cause.

In order to prevail on her § 1983 claim against defendant City of Tacoma alleging liability based on a policy of failure to train its police officers, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   the act[s] of Officers Koskovich and Young deprived the plaintiff of her particular rights under the United States Constitution as explained in later instructions;

2.   Officers Koskovich and Young acted under color of law;

3.   the training policies of the defendant City of Tacoma were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.   the defendant City of Tacoma was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately; and

5.   the failure of the defendant City of Tacoma to provide adequate training caused the deprivation of the plaintiff's rights by the Officers Koskovich and Young; that is, the City of Tacoma's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the defendant's employees acted under color of law.

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 16 of 20
(3:12-cv-05987-RBL)

1

2

3

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.   The plaintiff may prove deliberate indifference in this case by showing that the defendant City of Tacoma knew its failure to train adequately made it highly predictable that its police officers would engage in conduct that would deprive persons such as the plaintiff of her rights.

4

5

6

7

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction Nos. [INSERT INSTRUCTION NO. FOR FALSE ARREST (9.18) AND PROBABLE CAUSE (9.20)], your verdict should be for the plaintiff.   If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Ninth Circuit Pattern Jury Instruction 9.7 (modified)

23

24

25

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 17 of 20
(3:12-cv-05987-RBL)

26

**INSTRUCTION NO. 14**

**ASL INTERPRETERS FOR ON THE SCENE INVESTIGATIONS**

The City of Tacoma has no obligation under the Americans with Disabilities Act to provide American Sign Language (ASL) interpreters to suspects or witnesses when conducting on-the-scene criminal investigations.

**Authority:**   <u>Patrice v. Murphy</u>, 43 F.Supp.2d 1156 (W.D. Wash. 1999).

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 18 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

**INSTRUCTION NO. 15**

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of her claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[*Here insert types of damages. See Instruction 5.2 (Measures of Types of Damages)*]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Ninth Circuit Pattern Jury Instruction 5.1 (modified).

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 19 of 20
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

**INSTRUCTION NO. 16**

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.   If you find for the plaintiff on any of her claims under 42 U.S.C. §1983 against the City of Tacoma, Officer Koskovich or Officer Young, but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.   Nominal damages may not exceed one dollar.

Ninth Circuit Pattern Jury Instruction 5.6 (modified).

CITY OF TACOMA DEFENDANTS'
PROPOSED JURY INSTRUCTIONS
Page 20 of 20
(3:12-cv-05987-RBL)

THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LASHONN WHITE,

                    Plaintiff,

vs.

CITY OF TACOMA, RYAN
KOSKOVICH, MICHAEL YOUNG,
PIERCE COUNTY,

                    Defendants.

NO.  3:12-cv-05987-RBL

SPECIAL VERDICT FORM

WE, THE JURY, answer the following questions submitted by the Court as follows:

## I.  CLAIMS AGAINST INDIVIDUAL OFFICERS

### QUESTION NO. 1

Do you find that Officer Ryan Koskovich violated plaintiff's Fourth Amendment rights by using excessive force during the incident on April 6, 2012?

Answer:      Yes _____              No _____

SPECIAL VERDICT FORM
Page 1 of 5
(3:12-cv-05987-RBL)

## QUESTION NO. 2

Do you find that Officer Ryan Koskovich violated plaintiff's Fourth Amendment rights arresting her without probable cause?

Answer:      Yes _____          No _____

## QUESTION NO. 3

Do you find that Officer Michael Young violated plaintiff's Fourth Amendment rights arresting her without probable cause?

Answer:      Yes _____          No _____

## QUESTION NO. 4

Do you find that Officer Michael Young maliciously prosecuted plaintiff with the intent to violate her constitutional rights?

Answer:      Yes _____          No _____

## QUESTION NO. 5

Do you find that Officer Ryan Koskovich committed the tort of outrage against plaintiff?

Answer:      Yes _____          No _____

SPECIAL VERDICT FORM
Page 2 of 5
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

## QUESTION NO. 6

Do you find that Officer Michael Young committed the tort of outrage against plaintiff?

Answer:      Yes _____            No _____

## II.  CLAIMS AGAINST THE CITY OF TACOMA

**If you answered "Yes," to either Question No. 2 or 3, please answer Question No. 7 and 8.  If you answered "No" to both Question No. 2 and 3, proceed to Question No. 9.**

## QUESTION NO. 7

Do you find that the City of Tacoma failed to adequately train its officers regarding the use of an ASL interpreter during on-the-scene investigations and that the City's training caused plaintiff to be arrested without probable cause?

Answer:      Yes _____            No _____

## QUESTION NO. 8

Do you find that the City of Tacoma had a longstanding practice of denying criminal suspects an ASL interpreter during on-the-scene investigations and that the City's practice caused plaintiff to be arrested without probable cause?

Answer:      Yes _____            No _____

SPECIAL VERDICT FORM
Page 3 of 5
(3:12-cv-05987-RBL)

## III.  CLAIMS AGAINST PIERCE COUNTY

### QUESTION NO. 9

Do you find that Pierce County violated plaintiff's rights under the Americans with Disabilities Act and the Rehabilitation Act?

Answer:      Yes _____              No _____

### QUESTION NO. 10

Do you find that Pierce County violated plaintiff's rights under the Washington Law Against Discrimination?

Answer:      Yes _____              No _____

## IV.  DAMAGES

**If you answered "No" to all of Question Nos. 1 through 10, do not answer any further questions.  Instead, the presiding juror should date and sign the verdict form.**

### QUESTION NO. 11

If you found for the plaintiff on any of her claims against the City of Tacoma, Officer Koskovich or Officer Young (by answering "Yes" to any of Question Nos. 1 through 8), please state the amount that will fairly compensate plaintiff.

Answer:      _____

SPECIAL VERDICT FORM
Page 4 of 5
(3:12-cv-05987-RBL)

## QUESTION NO. 12

If you found for the plaintiff on any of her claims against Pierce County (by answering "Yes" to Question No. 9 or Question No. 10), please state the amount that will fairly compensate plaintiff.

Answer:   _____

## QUESTION NO. 13

If you found that Officer Koskovich and/or Officer Young violated plaintiff's Fourth Amendment rights (by answering "Yes" to any of Question Nos. 1 through 4), you may, but are not required to, award punitive damages. If you are awarding punitive damages, state the amount of punitive damages you are awarding as against each officer. If you are not awarding punitive damages, please enter "$0" in the space provided>

Answer:        Officer Koskovich        _____

               Officer Young            _____

The presiding juror should date and sign the verdict form.

DATED this _____ day of March, 2014.


_____
Presiding Juror

SPECIAL VERDICT FORM
Page 5 of 5
(3:12-cv-05987-RBL)

## CERTIFICATE OF SERVICE

I hereby certify that on _2-10-14_, I electronically filed, through my staff, the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys on record.

JEAN P. HOMAN
WSBA#27084
Attorney for Def. City of Tacoma
Tacoma City Attorney's Office
747 Market Street, Suite 1120
Tacoma, WA  98402
(253) 591-5885
Fax:  (253) 591-5755
jhoman@ci.tacoma.wa.us

CERTIFICATE OF SERVICE
PAGE 1 OF 1
(3:12-cv-05987-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755