The Honorable Ronald B. Leighton
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LASHONN WHITE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TACOMA, RYAN KOSKOVICH, MICHAEL YOUNG, MICHAEL LIM, CAROL KRANCICH, PIERCE COUNTY, ANNE JACKSON, JOHN AND/OR JANE DOE, NUMBERS 1 THROUGH 10,<br><br>Defendants. | NO. 3:12-cv-05987-RBL<br><br>DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM |

Defendant Pierce County submits their trial brief in defense of Pierce County.

## I.     INTRODUCTION

The Pierce County Detention and Corrections Center ("PCDCC") is a jail and pre-detention facility owned and operated by Defendant Pierce County, a Washington municipal corporation.  PCDCC is a holding facility for inmates, including individuals arrested and pending trial, persons waiting for removal to another jail or penitentiary, or inmates with sentences of less than one year.  It is the arresting agency, not PCDCC, which decides who to place within the jail and what charges are brought.  The court and prosecutors, not PCDCC,

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 1
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

decide when a person may be released.

During her short detention at PCDCC, Plaintiff was booked, detained, and released the same as other inmates.  Plaintiff admits she did not ask for any auxiliary aids, including an ASL interpreter, at any time during her detention at PCDCC.  Plaintiff knew she could ask for an ASL interperter, she alleges she asked TPD for an ASL interpreter.  Plaintiff's jail records demonstrate PCDCC provided Plaintiff with auxiliary aids, such as access to a pen and paper during booking, to ensure Plaintiff could effectively communicate and fully participate in the program of incarceration like others.

Plaintiff is determined to present a case that, because she is deaf, she has a limited ability to understand reading and writing.  However, that assertion is given lie by numerous demonstrations that Plaintiff has used written communication for expressing herself throughout her life, most recently reaffirmed by the note between Plaintiff and her father upon Plaintiff's release from PCDCC.  Ex. B 21.

## II.     INCARCERATION

Arresting Agency:  On April 07, 2012, at approximately 1:00 am, Plaintiff LaShonn White was brought to PCDCC by the Tacoma Police Department ("TPD") following her arrest for assault and obstruction.  Plaintiff was arrested following a fight Plaintiff had with another woman at her apartment.  That woman, Sophia Johnson, suffered injuries requiring ambulance transportation to the hospital.  Plaintiff was brought to PCDCC to be booked and detained.  The Tacoma police officers advised Ms. White of her rights and noted that "Subject Read and Signed at PC Jail."  Ex B 3.

Typically, police charges lead to set amounts for bail for detainees.  Ex B 1-3.  Police officers complete their paperwork in the sally port (entry way) of the jail, and then pat down

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 2
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

the detainee in this area while PCDCC corrections officers observe the search. Once completed, detainees are admitted to the jail for pre-booking and inventory of property.

<u>Pre-Booking and Property Inventory</u>: Following Plaintiff's arrest by Tacoma Police and transportation to PCDCC and completion of arrest paperwork, PCDCC observed plaintiff being patted down and then opened the closed door to booking to begin the pre-booking process. Corrections Deputy Kristi Herbison met with Plaintiff and made a written inventory of Plaintiff's property. Ex. B. 12. Next, Deputy Herbison began a Jail Receiving Medical Screening. Ex. B 7, B 8. This screening is not equivalent to an admission assessment for hospital care or a primary care appointment. Its focus is to identify newly arrived detainees who need diversion to the hospital for evaluation of potential emergency physical and/or mental conditions prior to booking. Those detainees who are not admitted to PCDCC remain in the custody of the arresting agency. The jail receiving medical screening also allows corrections deputies to identify and initiate treatment of physical and/or mental conditions requiring attention by a PCDCC nurse.

Deputy Herbison determined Plaintiff's wounds needed treatment by a nurse and left the receiving form to be completed by Booking Nurse Shelly Hull. Nurse Hull noted that Plaintiff was deaf and had been tazed. She also established that Plaintiff could read and write. Accordingly, she had Plaintiff read each line on the receiving screening form and indicate by shaking her head as to answer each medical question. During this screening, Plaintiff did not indicate she took medications, had previously attempted suicide, required a special diet, or had any chronic medical problems. Plaintiff admits she did not want to reveal personal medical matters to be recorded by the jail.

Nurse Hull noted Plaintiff's injuries, provided immediate care for these injuries, and

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 3
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

placed Plaintiff on "nurse call." In placing Plaintiff on nurse call, the medical clinic was notified to call an escort and have Plaintiff brought to the medical clinic each morning to receive daily medical care to evaluate and clean her scratches. Nurse Hull also noted on the Behavior Log, available and utilized by all PCDCC employees, that staff members were to "use written instructions when possible" when communicating with Plaintiff. Ex. B. 14. Booking Nurse Hull did not note that Plaintiff needed a special diet or had other chronic conditions because Plaintiff admits she hid those conditions.

Booking: PCDCC staff members are required to complete numerous forms that require personal information to be obtained from every detainee. Most information obtained is acknowledged by the detainee's signature. *See* Ex. B 5-7, B 9, B 11-15.

Plaintiff and Deputy Herbison completed the forms involved in the booking process by using written communication. Deputy Herbison noted Plaintiff was deaf and that an ASL interpreter was to be provided for court proceedings. Plaintiff was permitted to use her personal cell phone to locate a phone number and was then allowed to use the TTY phone in booking to contact her cousin.

During the booking process, Plaintiff made it clear to Deputy Herbison that Plaintiff believed the wrong person had been arrested and that Plaintiff was stunned she was brought to jail. Such claims are commonplace in Deputy Herbison's profession. Plaintiff was allowed to look up her cousin's phone number in her cell phone and with assistance used the Booking TTY to call her cousin and report she was in jail and ask her to make arrangements. The amount of bail set by the TPD was pointed out to Plaintiff by Deputy Herbison. There is a digital reader board in Booking with bail bonding contact information. Plaintiff changed her soiled clothes and was given clean jail clothes, than directed to mug shots and fingerprinting.

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 4
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

After the initial booking forms were completed, Deputy Herbison executed an Initial Housing Assessment, Ex. B 10, and determined Plaintiff would proceed to Unit 5 West for intake.

<u>Detention</u>: Corrections Deputies then escorted Plaintiff to the 5 West Unit where she was assigned a cell. Plaintiff's cellmate tried to comfort her. During times Plaintiff was out of her cell she was able to communicate with another hard of hearing inmate. Other inmates befriended and shared food with Plaintiff that she thought would be better for her diet. Corrections Deputies used written notes and Plaintiff admits she understood those notes and through notes and gestures she was able to follow jail directions and instructions.

At 8:00 am on April 07, 2012, only seven hours after Plaintiff was booked, she was again treated for her injuries from her fight. Inmates on nurse call are called for by the medical clinic each morning and escorted by Corrections Deputies to the clinic for treatment. Nurse Anne Jackson, a Licensed Practical Nurse (LPN) treated Plaintiff's fight wounds. Nurse Jackson knew from the Behavior Log, B 14, that Plaintiff was deaf, that Plaintiff had scratches that needed treatment, and that Nurse Jackson was to check and make sure Plaintiff was doing "okay." Nurse Jackson did not know there were "other medical conditions" as none were noted on the screening form. Nurse Jackson took Plaintiff into the treatment room, checked her face, asked if Plaintiff was "okay" by leaning in closely and speaking to Plaintiff. Ms. Jackcon believed that Plaintiff understood her and Plaintiff appeared to be able to read lips. Jackson cleaned Plaintiff's wounds, applied ointment, and then called for an escort to take Plaintiff back to her unit. Jail staff and Nurse Jackson were not aware of Plaintiff's medical condition of an imperforate anus, this was because Plaintiff chose to conceal this

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 5
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

condition from staff members, a fact to which she has since admitted in depositions with Defendant's counsel.

On the following morning of April 08, 2012, less than 48 hours after Plaintiff's admittance to the jail, Plaintiff was treated for the third time at PCDCC.  Nurse Jackson again took Plaintiff into the treatment room, and this time provided Plaintiff with two more packs of ointment so Plaintiff could apply it herself.  At this time, Plaintiff indicated to Nurse Jackson that her hand hurt by putting out her hand, showing it to Nurse Jackson, and making noises that sounded like "hand," "hand," while touching her hand.  After noting some swelling in Plaintiff's hand, Nurse Jackson made an appointment for Plaintiff to see a doctor the following morning, Monday, April 09, 2012.  *See* Ex. B 17 (Nurse Jackson's treatment records).

Plaintiff did not attend the urgent care appointment as she was released from PCDCC when TPD dismissed the charges.  The record establishes that after she was released Plaintiff did not seek any further medical treatment.

Release:  Once the court was informed that the charges against Plaintiff were being dismissed by the arresting agency, the court ordered Plaintiff to be released.  Her property and clothes were returned to her, and Plaintiff was greeted at the jail release door by her partner and taken home to see her father.

Reading and Writing Ability:  Plaintiff has lived most of her life as a deaf person.  She wore hearing aids as a child, but found them uncomfortable and stopped wearing them at an early age.  Defendant does not contest Plaintiff is deaf.

Plaintiff's experience with written communication with others is extensive.  Plaintiff was raised in a family where no one knew sign language.  After Plaintiff learned to read and

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 6
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

write, she routinely exchanged written communications with her family. Plaintiff is a high school graduate and has attended college. Although Plaintiff's employment history has been spotty, she has worked in a laundry facility and a hotel where she exchanged written notes to communicate with co-workers. While hospitalized in 2005, her medical records note that Plaintiff can read lips and that medical staff should exchange written notes with her for treatment. Ex. B. 29.

Despite this abundant evidence of Plaintiff's ability to communicate with reading and writing, Plaintiff intends to argue she is severely limited in her ability to read and write. This misplaced opinion is contrasted sharply by Plaintiff's ability to read and provide detailed answers on medical forms, Ex. B 30, or her application for vocational rescores, which requires detailed answers to personal and financial questions that are read and answered without auxiliary aids. Ex. B 31, B 32.

<u>Damages</u>: Plaintiffs damages, if any, are minimal. Plaintiff does not appear to allege any damage arose from her medical treatment at PCDCC. Moreover, Plaintiff's own therapist, Ms. Gentry-Southard, was unable to find sufficient criteria to diagnose Plaintiff with Post Traumatic Stress Disorder ("PTSD"), even though Ms. Gentry-Southard did so.

Additionally, Plaintiff's behavior demonstrates her unwillingness to mitigate any damages that could have arisen from her short stay at PCDCC. After attending only six therapy sessions, Plaintiff determined that was sufficient and stopped going. Although Plaintiff was advised to keep a journal and practice mindfulness, she has failed to follow these treatment regiments. Other conditions identified by Dr. Wilson, Plaintiff's newly arrived expert, pre-exist Plaintiff's detention at PCDCC.

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 7
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

### III. CLAIMS AND DEFENSES

**A. PLAINTIFF'S CLAIMS OF DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT OF 1973, AMERICANS WITH DISABILITIES ACT, AND WASHINGTON LAW AGAINST DISCRIMINATION FAIL AS A MATTER OF LAW.**

Plaintiff fails to demonstrate facts to which she is entitled to relief under the federal statutes of the Americans with Disabilities Act, 42 U.S.C. §12132, the Rehabilitation Act of 1973, 29 U.S.C. § 794, or Washington's Law Against Discrimination, RCW 49.60 et. seq. Claims under the Rehabilitation Act are analyzed under the ADA because the language of the two statutes is substantially the same. *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 717, 726 (4th Cir. 1995).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participating in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. Claims under this statute must allege four elements: 1) that the plaintiff is an individual with a disability; 2) that the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) that the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and 4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

To prove a prima facie case of discrimination by a place of public accommodation under RCW 49.60.215, a plaintiff must demonstrate: 1) she has a disability as recognized by the statute; 2) the defendant's establishment is a place of public accommodation; 3) plaintiff was discriminated against by receiving treatment not comparable to the level provided to

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 8
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

individuals without disabilities; and 4) the disability was a substantial factor causing the discrimination. *Fell v. Spokane Transit Authority*, 128 Wash. 2d 218, 911 P.2d 1319 (1996). Plaintiff's WLAD claim will fail because Plaintiff was treated the same as other non-disabled inmates and a jail is not a place of public accommodation.  RCW 49.60.040(2).

Moreover, Pierce County will demonstrate that Plaintiff was provided services, programs, and activities comparable to those of non-disabled inmates during her time at PCDCC such that Plaintiff's claims should be denied under the ADA, Rehabilitation Act, and WLAD.

Although Plaintiff now claims she should have been provided treatment for her condition of an imperforate anus, Plaintiff also admits <u>she did not intend to communicate</u> this condition to jail staff.  *See* Dep. of Lashonne White, 102 ("Q:  You saw the nurse several times, at least twice while you were in jail.  Did you tell her about your bowel problem?  A:  Twice, yes, that's correct.  No, I did not."); ("Q: Did you ever tell any of the jail staff that you were having this problem?  A:  No.  Q:  Why not?  A:  … I was very embarrassed … I wanted to take care of the situation myself.")  Because Plaintiff admits she did not have any intention of communicating her condition with jail medical personnel, Plaintiff should not be permitted to collect relief on jail staff's failure to discover this condition.  When Plaintiff was released from jail she did not seek further treatment for her wounds.

These facts demonstrate that Plaintiff was provided with the same services accorded to non-disabled inmates:  she was successfully booked into jail, was housed safely and securely, was provided additional medical care on two different occasions, and was scheduled for an urgent care appointment which Plaintiff would have been provided had she remained in jail.

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 9
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

Because Plaintiff does not demonstrate she was denied access to any service, program, or activity during her time at PCDCC, and because Defendant Pierce County has demonstrated that Plaintiff was provided the same services as those provided to nondisabled inmates, Plaintiff's claim for discrimination under the ADA, Rehabilitation Act, and WLAD should be denied.

**B.     PIERCE COUNTY PROVIDED PLAINTIFF WITH REASONABLE ACCOMMODATIONS.**

Plaintiff's claim of discrimination for failure to provide reasonable accommodations and sufficient auxiliary aids should also fail as a matter of law.  Federal regulations on point require that "a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others," 28 C.F.R. § 35.160 (a), and that "a public entity shall furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity." *Id.* at (b).  Primary consideration is given to the requests of the individual with disabilities. *Id.* at (2).  In the instant case the Plaintiff never requested an accommodation, including not asking for an ASL interpreter.

Plaintiff was accorded sufficient auxiliary aids during her time at PCDCC such that her communications with jail staff were comparable with communications with others.  Nurse Anne Jackson, Nurse Jackson effectively communicated with Plaintiff to discern Plaintiff's ailments, treat her superficial wounds with ointment, and schedule Plaintiff for an urgent care appointment for the following Monday to treat her swollen hand.

Although Plaintiff now claims she should have been provided an ASL interpreter, Plaintiff also admits she <u>did not request such an accommodation</u> during her time at PCDCC.

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 10
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

Because Defendant Pierce County has demonstrated that Plaintiff did not request an accommodation and Plaintiff was provided sufficient auxiliary aids that allowed her to effectively communicate with jail staff during her time at PCDCC.

## C. PLAINTIFF HAS NOT ESTABLISHED THAT PIERCE COUNTY'S CONDUCT DIRECTLY CAUSED COMPENSABLE DAMAGES TO PLAINTIFF.

Finally, Plaintiff's claims should be denied because Plaintiff has failed to demonstrate she suffered damages as a result of Defendant Pierce County's conduct. Under all three claims of actions invoked by Plaintiff, causation and damages are required elements for relief.

### 1. Plaintiff Fails to Demonstrate Pierce County's Conduct Caused Damages to Plaintiff.

Under the ADA, the Rehabilitation Act, and WLAD, Plaintiff must prove causation. Under the ADA, Plaintiff must demonstrate that impermissive, discriminatory motives were a motivating factor in the adverse action by the Defendant. *See Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1055 (9th Cir. 2005). Under WLAD, Plaintiff must demonstrate that "the disability was a substantial factor causing the discrimination." *See Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1118-19 (2000). Neither can be met here.

Plaintiff fails to meet either requirement for causation in her allegations against Pierce County. Plaintiff fails to demonstrate that PCDCC or its agents were motivated by an intent to discriminate against Plaintiff's disability in any way. Because Plaintiff fails to demonstrate the conduct on the part of Defendant Pierce County was motivated by impermissible intentions, her claim for discrimination under the ADA and WLAD should be denied.

### 2. Plaintiff Fails to Demonstrate Compensable Damages Available to Her.

Plaintiff's evidence will fail to establish compensable damages to Plaintiff such that her claims should be denied. Monetary damages are available under the ADA/RA only upon

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 11
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

a showing of deliberate indifference. *Mark H v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008).

To recover damages under Title II of the ADA or the Rehabilitation Act, Plaintiff must prove intentional discrimination on the part of the Pierce County. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). Intentional discrimination is proven by showing Defendant was deliberately indifferent in that Defendant possessed both a knowledge that a harm to a federally protected right is substantially likely and a failure to act upon that likelihood. *Id.* If a plaintiff has alerted the entity to her need for accommodation, the entity is on notice than an accommodation is required and plaintiff has satisfied the first element of the deliberate indifference test. *Id.* That prong is not met here as Plaintiff never asked for an accommodation. A public entity, upon receipt of a request for accommodation, is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation for the Plaintiff. *Id.* In order to prevail on the second element of the deliberate indifference test, Plaintiff must prove the Defendant's failure to act was a result of conduct that is more than negligent and involves an element of deliberateness. *Id.*

Moreover, Plaintiff fails to demonstrate that, if these accommodations were insufficient, Defendant Pierce County deliberately denied Plaintiff sufficient accommodations. Plaintiff does not allege she requested and was denied an ASL interpreter. She does not allege Pierce County staff intentionally chose not to provide her with sufficient accommodations. Accordingly, Plaintiff fails to articulate facts upon which she is accorded monetary damages under the ADA and Rehabilitation Act.

Additionally, Plaintiff cannot claim damages for punitive damages under the ADA or the Rehabilitation Act. *See Barnes v. Gorman*, 536 U.S. 181 (2002) (holding that punitive damages are unavailable under Title II of the Civil Rights Act of 1964, the statute which sets

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 12
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

for the remedies for suits under the Rehabilitation Act.  The court further reasoned that, because punitive damages may not be awarded under Title II, it follows that they may not be awarded in suits brought under §202 of the ADA and §504 of the Rehabilitation Act).

Because Plaintiff has failed to articulate facts upon which monetary damages could be awarded to her, and because the ADA does not permit punitive damages, Plaintiff's claims should be denied.

MARK LINDQUIST
Prosecuting Attorney

s/ JAMES P. RICHMOND
JAMES P. RICHMOND / WSBA #15865
JASON RUYF / WSBA #38725
Pierce County Prosecutor / Civil
955 Tacoma Avenue South, Suite 301
Tacoma, WA  98402-2160
Ph: 253-798-6732 / Fax: 253-798-6713
Email:   jrichmo@co.pierce.wa.us
             jruyf@co.pierce.wa.us

s/ KIM WEST
KIM WEST
Rule 9 Intern
State Bar Number 9134576
Pierce County Prosecutor / Civil
955 Tacoma Avenue South, Suite 301
Tacoma, WA  98402-2160
Ph: 253-798-6760 / Fax: 253-798-6713
E-mail:  kwest@co.pierce.wa.us

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 13
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

**CERTIFICATE OF SERVICE**

On February 10, 2014, I hereby certify that I electronically filed the foregoing DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Christopher Robert Carney**
  christopher.carney@cgilaw.com, margarita.vanegas@cgilaw.com
- **Sean P Gillespie**
  sean.gillespie@cgilaw.com
- **Jean Pollis Homan**
  jhoman@ci.tacoma.wa.us
- **Kenan Lee Isitt**
  kenan.isitt@cgilaw.com

s/ CHRISTINA SMITH
CHRISTINA SMITH
Legal Assistant
Pierce County Prosecutor's Office
Civil Division, Suite 301
955 Tacoma Avenue South
Tacoma, WA 98402-2160
Ph: 253-798-7732 / Fax: 253-798-6713

DEFENDANT PIERCE COUNTY'S TRIAL MEMORANDUM - 14
White - Defendant's Trial Memorandum.docx
Cause No. 3:12-cv-05987-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713