The Honorable Ronald B. Leighton
United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LASHONN WHITE,

    Plaintiff,

    vs.

CITY OF TACOMA ET AL,

    Defendants

No. 3:12-cv-05987-RBL

AGREED JURY INSTRUCTIONS

| Instruction No. | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 1 | Duty of Jury | NCPI 1.1A | 3 | Agreed |
| 2 | Duty of Jury | NCPI 1.1B | 4 | Agreed |
| 3 | Duty of Jury | NCPI 1.1C | 5 | Agreed |
| 5 | Burden of Proof | NCPI 1.3 | 6 | Agreed |
| 6 | What is Evidence | NCPI 1.6 | 7 | Agreed |
| 7 | What is not evidence | NCPI 1.7 | 8 | Agreed |
| 8 | Direct and Circumstantial Evidence | NCPI 1.9 | 9 | Agreed |
| 9 | Ruling on Objections | NCPI 1.10 | 10 | Agreed |
| 10 | Credibility of Witnesses | NCPI 1.11 | 11 | Agreed |
| 11 | Conduct of Jury | NCPI 1.12 | 12-13 | Agreed |
| 12 | No Transcript available to Jury | NCPI 1.13 | 14 | Agreed |
| 13 | Taking Notes | NCPI 1.14 | 15 | Agreed |
| 14 | Questions to Witnesses by Jurors | NCPI 1.15 | 16 | Agreed |
| 15 | Bench Conferences and Recesses | NCPI 1.18 | 17 | Agreed |
| 16 | Outline of Trial | NCPI 1.19 | 18 | Agreed |
| 20 | Opinion Evidence, Expert Witness | NCPI 2.11 | 19 | Agreed |

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
1

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

| 21 | Duty to Deliberate | NCPI 3.1 | 20 | Agreed |
|----|--------------------|----------|-----|--------|
| 22 | Communication with Court | NCPI 3.2 | 21 | Agreed |
| 23 | Return of Verdict | NCPI 3.3 | 22 | City/Plaintiff |
| 26 | Punitive Damages | NCPI 5.5 | 23-24 | City/Plaintiff |
| 27 | Section 1983 Claim—introductory instructions | NCPI 9.1 | 25 | City/Plaintiff |
| 34 | Causation | NCPI 9.8 | 26 | City/Plaintiff |
| 35 | Tort of Outrage | WPI 14.03 | 27 | City/Plaintiff |
| 36 | Burden of Proof—Outrage | WPI 14.03.01 | 28 | City/Plaintiff |
| 37 | Extreme and Outrageous Conduct-Definition | WPI 14.03.02 | 29 | City/Plaintiff |
| 38 | Intentionally or Recklessly Cause Emotional Distress—Definition | WPI 14.03.03 | 30 | City/Plaintiff |
| 39 | Severe Emotional Distress—Definition | WPI 14.03.04 | 31 | City/Plaintiff |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
2

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

Duty of Jury (Court Reads and Provides Written Instructions)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Ninth Circuit Pattern Instruction 1.1A

CARNEY
GILLESPIE
ISITT
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

2    Duty of Jury (Court Reads Instructions Only)

3    Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct

4    you on the law.

5    You must not infer from these instructions or from anything I may say or do as

6    indicating that I have an opinion regarding the evidence or what your verdict should be.

7    It is your duty to find the facts from all the evidence in the case. To those facts you will

8    apply the law as I give it to you. You must follow the law as I give it to you whether you

9    agree with it or not. And you must not be influenced by any personal likes or dislikes,

10   opinions, prejudices, or sympathy. That means that you must decide the case solely on

11   the evidence before you. You will recall that you took an oath to do so.

12   In following my instructions, you must follow all of them and not single out some

13   and ignore others; they are all important.

14   Ninth Circuit Pattern Instruction 1.1B

15

16

17

18

19

20

21

22

23

24

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
4

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

2    Duty of Jury (Court Reads and Provides Written Set of Instructions at End of

3    Case)

4

5    Members of the Jury: Now that you have heard all of the evidence and the

6    arguments of the attorneys, it is my duty to instruct you as to the law of the case.  A

7    copy of these instructions will be sent with you to the jury room when you deliberate.

8    You must not infer from these instructions or from anything I may say or do as indicating

9    that I have an opinion regarding the evidence or what your verdict should be.  It is your

10   duty to find the facts from all the evidence in the case. To those facts you will apply the

11   law as I give it to you. You must follow the law as I give it to you whether you agree with

12   it or not. And you must not be influenced by any personal likes or dislikes, opinions,

13   prejudices, or sympathy. That means that you must decide the case solely on the

14   evidence before you. You will recall that you took an oath to do so.  In following my

15   instructions, you must follow all of them and not single out some and ignore others; they

16   are all important.

17   Ninth Circuit Pattern Instruction 1.1C

18

19

20

21

22

23

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5-- BURDEN OF PROOF-

2  PREPONDERANCE OF THE EVIDENCE

3

4    When a party has the burden of proof on any claim by a preponderance of the

5  evidence, it means you must be persuaded by the evidence that the claim is more

6  probably true than not true.  You should base your decision on all of the evidence,

7  regardless of which party presented it.

8    Ninth Circuit Pattern Instruction 1.3

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6 --What is Evidence

2    The evidence you are to consider in deciding what the facts are consists of:

3    1.      The sworn testimony of any witness;

4    2.      The exhibits which are received into evidence; and

5    3.      Any facts to which the lawyers have agreed.

6

7            Ninth Circuit Pattern Instruction 1.6

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CARNEY
GILLESPIE  CLP
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7--What is Not Evidence

2    In reaching your verdict, you may consider only the testimony and exhibits

3 received into evidence. Certain things are not evidence, and you may not consider them

4 in deciding what the facts are. I will list them for you:

5    (1) Arguments and statements by lawyers are not evidence. The lawyers are not

6 witnesses. What they have said in their opening statements, will say in their closing

7 arguments, and at other times is intended to help you interpret the evidence, but it is not

8 evidence. If the facts as you remember them differ from the way the lawyers have

9 stated them, your memory of them controls.

10    (2) Questions and objections by lawyers are not evidence. Attorneys have a duty

11 to their clients to object when they believe a question is improper under the rules of

12 evidence.  You should not be influenced by the objection or by the court's ruling on it.

13    (3) Testimony that has been excluded or stricken, or that you have been

14 instructed to disregard, is not evidence and must not be considered. In addition

15 sometimes testimony and exhibits are received only for a limited purpose; when I have

16 given a limiting instruction, you must follow it.

17    (4) Anything you may have seen or heard when the court was not in session is

18 not evidence. You are to decide the case solely on the evidence received at the trial.

19

20

21    Ninth Circuit Pattern Instruction 1.7

22

23    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8 -- Direct and

24 Circumstantial Evidence

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
8

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1  Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact,

2  such as testimony by a witness about what that witness personally saw or heard or did.

3  Circumstantial evidence is proof of one or more facts from which you could find another

4  fact. You should consider both kinds of evidence. The law makes no distinction between

5  the weight to be given to either direct or circumstantial evidence. It is for you to decide

6  how much weight to give to any evidence.

7  By way of example, if you wake up in the morning and see that the sidewalk is

8  wet, you may find from that fact that it rained during the night.  However, other

9  evidence, such as a turned on garden hose, may provide a different explanation for the

10  presence of water on the sidewalk. Therefore, before you decide that a fact has been

11  proved by circumstantial evidence, you must consider all the evidence in the light of

12  reason, experience, and common sense.

13  Ninth Circuit Pattern Instruction 1.9

CARNEY
GILLESPIE  CLP
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1   PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9--RULING ON

2   OBJECTIONS

3

4       There are rules of evidence that control what can be received into evidence.

5   When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the

6   other side thinks that it is not permitted by the rules of evidence, that lawyer may object.

7   If I overrule the objection, the question may be answered or the exhibit received. If I

8   sustain the objection, the question cannot be answered, and the exhibit cannot be

9   received. Whenever I sustain an objection to a question, you must ignore the question

10  and must not guess what the answer might have been.

11      Sometimes I may order that evidence be stricken from the record and that you

12  disregard or ignore the evidence. That means that when you are deciding the case, you

13  must not consider the evidence that I told you to disregard.

14

15

16

17

18

19

20  Ninth Circuit Model Instruction 1.10

21

22

23

24

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
10

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2     PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

3     Credibility of Witnesses

4     In deciding the facts in this case, you may have to decide which testimony to

5 believe and which testimony not to believe. You may believe everything a witness says,

6 or part of it, or none of it. Proof of a fact does not necessarily depend on the number of

7 witnesses who testify about it.

8     In considering the testimony of any witness, you may take into account:

9     (1) the opportunity and ability of the witness to see or hear or know the things

10 testified to;

11     (2) the witness's memory;

12     (3) the witness's manner while testifying;

13     (4) the witness's interest in the outcome of the case and any bias or prejudice;

14     (5) whether other evidence contradicted the witness's testimony;

15     (6) the reasonableness of the witness's testimony in light of all the evidence; and

16     (7) any other factors that bear on believability.

17     The weight of the evidence as to a fact does not necessarily depend on the

18 number of witnesses who testify about it.

19     NCPI 1.11

20

21

22

23

24

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
11

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2   PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11

3   I will now say a few words about your conduct as jurors.

4   First, keep an open mind throughout the trial, and do not decide what the verdict

5   should be until you and your fellow jurors have completed your deliberations at the end

6   of the case.

7   Second, because you must decide this case based only on the evidence

8   received in the case and on my instructions as to the law that applies, you must not be

9   exposed to any other information about the case or to the issues it involves during the

10   course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

11   Do not communicate with anyone in any way and do not let anyone else

12   communicate with you in any way about the merits of the case or anything to do with it.

13   This includes discussing the case in person, in writing, by phone or electronic means,

14   via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.

15   This applies to communicating with your fellow jurors until I give you the case for

16   deliberation, and it applies to communicating with everyone else including your family

17   members, your employer, the media or press, and the people involved in the trial,

18   although you may notify your family and your employer that you have been seated as a

19   juror in the case. But, if you are asked or approached in any way about your jury service

20   or anything about this case, you must respond that you have been ordered not to

21   discuss the matter and to report the contact to the court.

22   Because you will receive all the evidence and legal instruction you properly may

23   consider to return a verdict: do not read, watch, or listen to any news or media accounts

24   or commentary about the case or anything to do with it; do not do any research, such as

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
12

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1  consulting dictionaries, searching the Internet or using other reference materials; and do

2  not make any investigation or in any other way try to learn about the case on your own.

3      The law requires these restrictions to ensure the parties have a fair trial based on

4  the same evidence that each party has had an opportunity to address. A juror who

5  violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial

6  could result that would require the entire trial process to start over]. If any juror is

7  exposed to any outside information, please notify the court immediately.

8      Ninth Circuit Pattern Jury Instruction 1.12

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
13

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12--NO TRANSCRIPT

2    AVAILABLE TO JURY

3

4        During deliberations, you will have to make your decision based on what you

5    recall of the evidence. You will not have a transcript of the trial. I urge you to pay close

6    attention to the testimony as it is given.

7        If at any time you cannot hear or see the testimony, evidence, questions or

8    arguments, let me know so that I can correct the problem.

23    Ninth Circuit Model Instruction 1.13

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

2    Taking Notes

3          If you wish, you may take notes to help you remember the evidence. If you do

4    take notes, please keep them to yourself until you and your fellow jurors go to the jury

5    room to decide the case. Do not let note-taking distract you. When you leave, your

6    notes should be left in the courtroom.  No one will read your notes. They will be

7    destroyed at the conclusion of the case.

8          Whether or not you take notes, you should rely on your own memory of the

9    evidence.  Notes are only to assist your memory. You should not be overly influenced

10   by your notes or those of your fellow jurors.

11         Ninth Circuit Pattern Instruction 1.14

12

13

14

15

16

17

18

19

20

21

22

23

24

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
15

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2     PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14

3     Questions to Witnesses by Jurors

4          You will be allowed to propose written questions to witnesses after the lawyers

5     have completed their questioning of each witness. You may propose questions in order

6     to clarify the testimony, but you are not to express any opinion about the testimony or

7     argue with a witness. If you propose any questions, remember that your role is that of a

8     neutral fact finder, not an advocate.  Before I excuse each witness, I will offer you the

9     opportunity to write out a question on a form provided by the court. Do not sign the

10    question. I will review the question with the attorneys to determine if it is legally proper.

11         There are some proposed questions that I will not permit, or will not ask in the

12    wording submitted by the juror. This might happen either due to the rules of evidence or

13    other legal reasons, or because the question is expected to be answered later in the

14    case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the

15    reasons. Do not give undue weight to questions you or other jurors propose. You should

16    evaluate the answers to those questions in the same manner you evaluate all of the

17    other evidence.

18         By giving you the opportunity to propose questions, I am not requesting or

19    suggesting that you do so. It will often be the case that a lawyer has not asked a

20    question because it is legally objectionable or because a later witness may be

21    addressing that subject.

22

23    NCPI 1.15  Questions to Witnesses by Jurors

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2      PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15--BENCH

3   CONFERENCES AND RECESSES

4          From time to time during the trial, it may become necessary for me to talk with

5   the attorneys out of the hearing of the jury, either by having a conference at the bench

6   when the jury is present in the courtroom, or by calling a recess. Please understand that

7   while you are waiting, we are working. The purpose of these conferences is not to keep

8   relevant information from you, but to decide how certain evidence is to be treated under

9   the rules of evidence and to avoid confusion and error.

10         Of course, we will do what we can to keep the number and length of these

11  conferences to a minimum. I may not always grant an attorney's request for a

12  conference. Do not consider my granting or denying a request for a conference as any

13  indication of my opinion of the case or of what your verdict should be.

14

15

16

17

18

19  Ninth Circuit Model Instruction 1.18

20

21

22

23

24

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
17

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16--OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Instruction 1.19

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20

2    Opinion Evidence, Expert Witness

3         Some witnesses, because of education or experience, are permitted to state

4    opinions and the reasons for those opinions.  Opinion testimony should be judged just

5    like any other testimony. You may accept it or reject it, and give it as much weight as

6    you think it deserves, considering the witness's education and experience, the reasons

7    given for the opinion, and all the other evidence in the case.

8

9    NCPI  2.11

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1   PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21--DUTY TO

2   DELIBERATE

3

4   When you begin your deliberations, you should elect one member of the jury as

5   your presiding juror. That person will preside over the deliberations and speak for you

6   here in court.  You will then discuss the case with your fellow jurors to reach agreement

7   if you can do so. Your verdict must be unanimous.  Each of you must decide the case

8   for yourself, but you should do so only after you have considered all of the evidence,

9   discussed it fully with the other jurors, and listened to the views of your fellow jurors.

10   Do not hesitate to change your opinion if the discussion persuades you that you

11   should.  Do not come to a decision simply because other jurors think it is right.  It is

12   important that you attempt to reach a unanimous verdict but, of course, only if each of

13   you can do so after having made your own conscientious decision. Do not change an

14   honest belief about the weight and effect of the evidence simply to reach a verdict.

15   NCPI 3.1

16

17

18

19

20

21

22

23

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22--COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Ninth Circuit Model Instruction 3.2 (modified)

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23--RETURN OF

2   VERDICT

3    A verdict form has been prepared for you.  Any explanation of the verdict form

4   may be given at this time.  After you have reached unanimous agreement on a verdict,

5   your presiding juror will fill in the form that has been given to you, sign and date it, and

6   advise the court that you are ready to return to the courtroom.

7

8    NCPI 3.3 Return of Verdict

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
22

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26--PUNITIVE DAMAGES

2

3    If you find for the plaintiff, you may, but are not required to, award punitive

4 damages.  The purposes of punitive damages are to punish a defendant and to deter

5 similar acts in the future.  Punitive damages may not be awarded to compensate a

6 plaintiff.  The plaintiff has the burden of proving by a preponderance of the evidence that

7 punitive damages should be awarded, and, if so, the amount of any such damages.

8    You may award punitive damages only if you find that the defendant's conduct

9 that harmed the plaintiff was malicious, oppressive or in reckless disregard of the

10 plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for

11 the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's

12 rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety

13 or rights, or if the defendant acts in the face of a perceived risk that its actions will

14 violate the plaintiff's rights under federal law.  An act or omission is oppressive if the

15 defendant injures or damages or otherwise violates the rights of the plaintiff with

16 unnecessary harshness or severity, such as by the misuse or abuse of authority or

17 power or by the taking advantage of some weakness or disability or misfortune of the

18 plaintiff.

19    If you find that punitive damages are appropriate, you must use reason in setting

20 the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their

21 purposes but should not reflect bias, prejudice or sympathy toward any party. In

22 considering the amount of any punitive damages, consider the degree of

23 reprehensibility of the defendant's conduct, including whether the conduct that harmed

24 the plaintiff was particularly reprehensible because it also caused actual harm or posed

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1   a substantial risk of harm to people who are not parties to this case. You may not,

2   however, set the amount of any punitive damages in order to punish the defendant for

3   harm to anyone other than the plaintiff in this case.

4       In addition, you may consider the relationship of any award of punitive damages

5   to any actual harm inflicted on the plaintiff.

6       Punitive damages may be awarded even if you award plaintiff only nominal, and

7   not compensatory, damages.

8       Ninth Circuit Pattern Instruction 5.5

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27-- Section 1983 Claim--

2        Introductory Instructions

3        The plaintiff brings her claim under the federal statute, 42 U.S.C. § 1983, which

4    provides that any person who, under color of law, deprives another of any rights,

5    privileges, or immunities secured by the Constitution or laws of the United States shall

6    be liable to the injured party.

7

8    NCPI 9.1 Section 1983 Claim--Introductory Instruction

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
25

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34--CAUSATION

In order to establish that the acts or failure to act of the defendant _____ deprived the plaintiff of her particular rights under the United States Constitution as explained in other instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

Ninth Circuit Pattern Instruction 9.8

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35

3    Tort of Outrage

4         A person who intentionally or recklessly causes emotional distress to another by

5    extreme and outrageous conduct is liable for severe emotional distress resulting from

6    such conduct.

7

8    WPI 14.03

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 36

3

Outrage—Burden of Proof

4

    On Plaintiff's outrage claim, Plaintiff has the burden of proving each of the

5

following propositions:

6

(1) That Defendants Koskovich and/or Young engaged in extreme and outrageous

7

conduct;

8

(2) That Defendants Koskovich's and/or Young's conduct caused severe emotional

9

distress to the plaintiff;

10

(3) That the Defendants Koskovich and/or Young intentionally or recklessly caused the

11

emotional distress; and

12

(4) That the Plaintiff was a direct recipient of the extreme and outrageous conduct.

13

    If you find from your consideration of all the evidence that each of these

14

propositions has been proved, your verdict should be for the plaintiff on the outrage

15

claim. On the other hand, if you find that any of these propositions has not been proved,

16

your verdict should be for the defendant on this claim.

17

18

19

20

21

22

23

Authority:    Washington Pattern Jury Instructions, Civil, 14.03.01 (6th ed.)

24

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
28

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 37

Extreme and Outrageous Conduct--Definition

Conduct may be considered extreme and outrageous only when the conduct is so extreme in degree and outrageous in character as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

WPI 14.03.02 Extreme and Outrageous Conduct-Definition

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

INSTRUCTION NO. 38

Intentionally or Recklessly Causes Emotional Distress-Definition

A person intentionally or recklessly causes emotional distress if the person:

1)      Acts with the intent to cause emotional distress; or

2)      knows that emotional distress is certain or substantially certain to result from his or her conduct; or

3)      is aware that there is a high degree of probability that his or her conduct will cause emotional distress and proceeds in deliberate disregard of it.

WPI 14.03.03

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

INSTRUCTION NO. 39

Severe Emotional Distress--Definition

Severe emotional distress is emotional distress so extreme that no reasonable person could be expected to endure it.  It must be reasonable and justified under the circumstances, not exaggerated and unreasonable, unless it results from a peculiar susceptibility of the plaintiff of which the defendant had knowledge.  Mere annoyance, inconvenience, or the embarrassment that normally occurs in a confrontation between parties is not enough.  A showing of bodily harm or objective symptoms is not necessary to prove severe emotional distress, although bodily harm or objective symptoms may be considered as evidence of severe emotional distress.

WPI 14.03.04

AGREED JURY INSTRUCTIONS
12-cv-05987-RBL
31

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486