The Honorable Ronald B. Leighton
United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LASHONN WHITE,

    Plaintiff,

    vs.

CITY OF TACOMA ET AL,

    Defendants

No. 3:12-cv-05987-RBL

PLAINTIFF'S PROPOSED NON
AGREED JURY INSTRUCTIONS -
CITED

| Instruction No. | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 4 | Plaintiff's claims | NCPI 1.2 | 3 | Plaintiff |
| 24 | Damages--Proof | NCPI 5.1 | 4 | Plaintiff |
| 25 | Nominal Damages | NCPI 5.6 | 5 | Plaintiff |
| 28 | Section 1983 Monell Claim based on policy, practice, or custom | NCPI 9.4 | 6-7 | Plaintiff |
| 29 | Section 1983 Monell Claim based on failure to train | NCPI 9.7 | 8-9 | Plaintiff |
| 30 | Particular rights—Fourth Amendment—Unreasonable Seizure of Person---Generally | NCPI 9.18 | 10-11 | Plaintiff |
| 31 | Particular rights—Fourth Amendment—Unreasonable Seizure of Person—Probable Cause Arrest | NCPI 9.20 | 12 | Plaintiff |
| 32 | Section 1983—Claim against Defendant in individual | NCPI 9.2 | 13 | Plaintiff |

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
1



CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

| | | | | | |
|---|---|---|---|---|---|
| | | Capacity—Elements and Burden of Proof. | | | |
| 1 | 33 | Particular Rights-Fourth Amendment-Unreasonable Seizure of Person-Excessive (Deadly and nondeadly) force | NCPI 9.22 | 14 | Plaintiff |
| 2 | 40 | Malicious Prosecution—Elements | *Hanson v. City of Snohomish*, 121 Wn.2d 552, 852 P.2d 295 (1993). | 15 | Plaintiff |
| 3 | 41 | Federal Malicious Prosecution—Elements | Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995) et al. | 16 | Plaintiff |
| 4 | 42 | Malice—Definition | Bender v. City of Seattle, 99 Wn.2d 582, 593-94 664 P.2d 492, 500 (1983). | 17 | Plaintiff |
| 5 | 43 | ADA-Physical or Mental Impairment | NCPI 12.2 (modified) | 18 | Plaintiff |
| 6 | 44 | ADA—Reasonable accommodation | NCPI 12.8(modified) | 19 | Plaintiff |
| 7 | 45 | Discrimination defined | 28 CFR §§35.130 (b)(1)(i) - (iii) (vii) et al | 20 | Plaintiff |
| 8 | 46 | Effective Communication | 28 C.F.R. §35.160 (a)(1) et al | 21 | Plaintiff |
| 9 | 47 | Auxiliary Aids and Services for Effective Communication | 28 C.F.R. § 35.104 al | 22-24 | Plaintiff |
| 10 | 48 | Qualified Interpreter | 28 C.F.R. § 35.104. | 25 | Plaintiff |
| 11 | 49 | ADA Notice | 28 C.F.R. 35.10; 35.163(a) | 26 | Plaintiff |
| 12 | 50 | ADA and RA—Elements of claim | 29 U.S.C. §794(a); 29 U.S.C. §794(b)(1); section 504 of the Rehabilitation Act. | 27-29 | Plaintiff |
| 13 | 51 | ADA Accommodations in the Courtroom | ADA generally | 30-31 | Plaintiff |
| 14 | 52 | WLAD elements | Fell v. Spokane Transit Auth., 128 Wn.2d 618, 637, 911 P.2d 1319 (1996). | 32 | Plaintiff |
| 15 | | Special Verdict | | 33-39 | Plaintiff |

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
2



CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1   PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

2        This is a civil case.  Plaintiff Lashonn White brings the following claims:

3        1)      § 1983 excessive force claim against Ryan Koskovich

4        2)      § 1983 wrongful arrest claim against Ryan Koskovich

5        3)      §1983 wrongful arrest claim against Michael Young;

6        4)      § 1983 malicious prosecution claims against Michael Young;

7        5)      state law malicious prosecution claims against Michael Young;

8        6)      § 1983 claim against the City of Tacoma based on failure to train

9   regarding when to request a sign-language interpreter;

10       7)      S 1983 claim against the City of Tacoma based on an alleged practice or

11  custom of denying deaf victims, suspects and witnesses an ASL interpreter;

12       8)      State tort of Outrage against Ryan Koskovich;

13       9)      State tort of Outrage against Michael Young;

14       10)      Americans with Disabilities Act and Rehabilitation Act claims against

15  Pierce  County;

16       11)      Washington Law Against Discrimination claims against Pierce County;

17

18

19       Ninth Circuit Pattern Instruction 1.2

20

21

22

23

24

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
3

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24--DAMAGES -- PROOF

2    It is the duty of the Court to instruct you about the measure of damages. By

3    instructing you on damages, the Court does not mean to suggest for which party your

4    verdict should be rendered.

5    If you find for the plaintiff, you must determine the plaintiff's damages. The

6    plaintiff has the burden of proving damages by a preponderance of the evidence.

7    Damages means the amount of money that will reasonably and fairly compensate the

8    plaintiff for any injury you find was caused by the defendant. You should consider the

9    following:

10    The nature and extent of the injuries;

11    The loss of enjoyment of life experienced;

12    The mental, physical, and emotional pain and suffering experienced;

13    The reasonable value of necessary medical care, treatment, and services

14    received to the present time;

15    It is for you to determine what damages, if any, have been proved.

16    Your award must be based upon evidence and not upon speculation, guesswork

17    or conjecture.

18

19

20    Ninth Circuit Pattern Instruction 5.1

21

22

23

24

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
4



CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25--NOMINAL DAMAGES

2

3        The law which applies to this case authorizes an award of nominal damages. If you find

4    for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these

5    instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

6

7

8        Ninth Circuit Model Instruction 5.6

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28

2        In order to prevail on her § 1983 claim against defendant City of Tacoma alleging

3    liability based on an official policy, practice, or custom, the plaintiff must prove each of

4    the following elements by a preponderance of the evidence:

5    1. Officers Ryan Koskovich or Michael Young acted under color of law;

6    2. the acts of Ryan Koskovich and/or Michael Young  deprived the plaintiff of her

7    particular rights under the laws of the United States or the United States

8    Constitution as explained in later instructions; and

9    3. Ryan Koskovich and/or Michael Young acted pursuant to an expressly adopted

10   official policy or a longstanding practice or custom of the defendant.

11       A person acts "under color of law" when the person acts or purports to act in the

12   performance of official duties under any state, county, or municipal law, ordinance, or

13   regulation.

14       The parties have stipulated that Ryan Koskovich and Michael Young acted under

15   color of law.

16       "Official policy" means a rule or regulation promulgated, adopted, or ratified by

17   the defendant City of Tacoma.

18       "Practice or custom" means any permanent, widespread, well-settled practice or

19   custom that constitutes a standard operating procedure of the defendant City of

20   Tacoma.

21   If you find the plaintiff has proved each of these elements, and if you find that the

22   plaintiff has proved all the elements she is required to prove under Instruction _____,

23   your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to

24   prove any one or more of these elements, your verdict should be for the defendant.

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
6

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2

3

NCPI 9.4 SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY
DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE, OR CUSTOM—
ELEMENTS AND BURDEN OF PROOF

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24



CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29

3

In order to prevail on her § 1983 claim against defendant City of Tacoma alleging

4

liability based on a policy of failure to train its police officers employees, the plaintiff

5

must prove each of the following elements by a preponderance of the evidence:

6

1. the acts of Ryan Koskovich and/or Michael Young deprived the plaintiff of her

7

particular rights under the laws of the United States or the United States Constitution as

8

explained in later instructions;

9

2. Ryan Koskovich and/or Michael Young acted under color of law;

10

3. the training policies of the defendant City of Tacoma were not adequate to

11

train its police officers to handle the usual and recurring situations with which they must

12

deal;

13

4. the defendant City of Tacoma was deliberately indifferent to the obvious

14

consequences of its failure to train its [police officers] [employees] adequately;

15

and

16

5. the failure of the defendant City of Tacoma to provide adequate training

17

caused the deprivation of the plaintiff's rights by Ryan Koskovich and/or Michael Young

18

that is, the defendant's failure to train is so closely related to the deprivation of the

19

plaintiff's rights as to be the moving force that caused the ultimate injury.

20

A person acts "under color of law" when the person acts or purports to act in the

21

performance of official duties under any state, county, or municipal law, ordinance, or

22

regulation. The parties have stipulated that the defendant's employee acted under color

23

of law.

24

"Deliberate indifference" is the conscious choice to disregard the consequences

of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
8



CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1   showing that the defendant City of Tacoma knew its failure to train adequately made it

2   highly predictable that its employees would engage in conduct that would deprive

3   persons such as the plaintiff of her rights.

4          If you find the plaintiff has proved each of these elements, and if you find that the

5   plaintiff has proved all the elements she is required to prove under Instruction ___, your

6   verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove

7   any one or more of these elements, your verdict should be for the defendant.

8          NCPI 9.7 SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY

9   DEFENDANTS BASED ON POLICY OF FAILURE TO TRAIN—ELEMENTS AND

10  BURDEN OF PROOF

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
9

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2 PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30

3 As previously explained, the plaintiff has the burden to prove that the acts of the

4 defendants Ryan Koskovich and/or Michael Young deprived the plaintiff of particular

5 rights under the United States Constitution. In this case, the plaintiff alleges the

6 defendant deprived her of her rights under the Fourth Amendment to the Constitution

7 when the deployed a taser at her and/or when they took her into custody.

8 Under the Fourth Amendment, a person has the right to be free from an

9 unreasonable seizure of her person. In order to prove the defendants deprived the

10 plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional

11 elements by a preponderance of the evidence:

12 1. Ryan Koskovich and/or Michael Young seized the plaintiff's person;

13 2. in seizing the plaintiff's person, Ryan Koskovich and/or Michael Young acted

14 intentionally; and

15 3. the seizure was unreasonable.

16 A defendant "seizes" the plaintiff's person when she restrains the plaintiff's liberty

17 by physical force or a show of authority. A person's liberty is restrained when, under all

18 of the circumstances, a reasonable person would not have felt free to ignore the

19 presence of law enforcement officers and to go about her business.

20 In determining whether a reasonable person in the plaintiff's position would have

21 felt free to leave, consider all of the circumstances, including

22 1. the number of officers present;

23 2. whether weapons were displayed;

24 3. whether the encounter occurred in a public or nonpublic setting;

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    4. whether the officer's manner would imply that compliance would be compelled;

2  and

3    5. whether the officers advised the plaintiff that she was free to leave.

4    A person acts "intentionally" when the person acts with a conscious objective to

5  engage in particular conduct. Thus, the plaintiff must prove the defendant meant to

6  engage in the acts that caused a seizure of the plaintiff's person. Although the plaintiff

7  does not need to prove the defendant intended to violate the plaintiff's Fourth

8  Amendment rights, it is not enough if the plaintiff only proves the defendant acted

9  negligently, accidentally or inadvertently in conducting the search.

10    Here, the parties have stipulated that plaintiff was seized by the actions of the

11  defendants Ryan Koskovich and Michael Young.

12    NCPI 9.18 PARTICULAR RIGHTS—FOURTH AMENDMENT—

13  UNREASONABLE SEIZURE OF PERSON—GENERALLY

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
11

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 31

3
        In general, a seizure of a person by arrest without a warrant is reasonable if the

4
arresting officers had probable cause to believe the plaintiff has committed or was

5
committing a crime.

6
        In order to prove the seizure in this case was unreasonable, the plaintiff must

7
prove by a preponderance of the evidence that she was arrested without probable

8
cause.

9
        "Probable cause" exists when, under all of the circumstances known to the

10
officer(s) at the time, an objectively reasonable police officer would conclude there is a

11
fair probability that the plaintiff has committed or was committing a crime.

12
        When police are determining whether they can place a suspect under arrest, they

13
cannot disregard facts that they learn on the scene that tend to dissipate probable

14
cause.  Even if officers initially have probable cause to justify an arrest, it is illegal to

15
execute or continue an arrest when additional information is obtained at the scene that

16
indicates that there is less than a fair probability that the defendant had committed a

17
crime.

18
        Under state law, it is a crime to assault a police officer or to intentionally obstruct

19
a police officer in the discharge of his duties.

20
NCPI 9.20 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE

21
SEIZURE OF PERSON—PROBABLE CAUSE ARREST [as modified based on United

22
States v. Ortiz-Hernandez, 427 F.3d 567, 574 (9th Cir. 2005). United States v. Lopez,

23
482 F.3d 1067 (9th Cir. 2007).]

24

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
12

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1   PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32

2        Plaintiff brings a § 1983 claim against defendants Koskovich and/or Young.  In

3   order to prevail on her § 1983 claim against defendant Koskovich or Young, the plaintiff

4   must prove each of the following elements by a preponderance of the evidence:

5   1.      the defendant Koskovich and/or Young acted under color of law; and

6   2.      the act or failure to act of the defendant Koskovich or Young deprived the plaintiff

7   of her particular rights under the United States Constitution as explained in later

8   instructions.

9        A person acts "under color of law" when the person acts or purports to act in the

10  performance of official duties under any state, county, or municipal law, ordinance, or

11  regulation. I instruct you that the defendant acted under color of law.

12       If you find the plaintiff has proved each of these elements, and if you find that the

13  plaintiff has proved all the elements she is required to prove under Instruction ___[NCPI

14  9.22], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed

15  to prove any one or more of these elements, your verdict should be for the defendant(s).

16  SECTION 1983 -- CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY--

17  ELEMENTS AND BURDEN OF PROOF.  Ninth Circuit Pattern Instruction 9.2

18

19

20

21

22

23

24

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
13



CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that defendant Koskovich used excessive force during the arrest of the plaintiff.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. The severity of the crime or other circumstances to which the officer was responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to take the plaintiff into custody.

NCPI  9.22 PARTICULAR RIGHTS—FOURTH AMENDMENT—
UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (DEADLY AND
NONDEADLY) FORCE

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 40 Malicious Prosecution--
Elements


In Count ___, Plaintiff brings a claim of malicious prosecution under state law. In order
to prevail on his claim, Plaintiff must prove each of the following elements by a
preponderance of the evidence:

     1) that the prosecution claimed to have been malicious was instituted or
     continued by the defendant;

     2) that there was want of probable cause for the institution or continuation of the
     prosecution;

     3) that the proceedings were instituted or continued through malice;

     4) that the proceedings terminated on the merits in favor of the plaintiff, or were
     abandoned; and

     5) that the plaintiff suffered injury or damage as a result of the prosecution.

     If you find from your consideration of all the evidence that each of these
propositions has been proved, your verdict should be for the plaintiff on the malicious
prosecution claim.  On the other hand, if you find that any of these propositions has not
been proved, your verdict should be for the defendant on this claim.


*Hanson v. City of Snohomish*, 121 Wn.2d 552, 852 P.2d 295 (Wash. 1993).

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 41 Federal Malicious Prosecution--Elements

In Count ___, Plaintiff brings a claim of malicious prosecution under federal law. In order to prevail on her claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1) that the prosecution claimed to have been malicious was instituted or continued by the defendant;

2) that there was want of probable cause for the institution or continuation of the prosecution;

3) that the proceedings were instituted or continued through malice;

4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and

5) that the plaintiff suffered injury or damage as a result of the prosecution.

6) That the defendant's actions were for the purpose of denying the plaintiff equal protection or another specific constitutional right as described in Instruction Nos _____.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for the plaintiff on the malicious prosecution claim.  On the other hand, if you find that any of these propositions has not been proved, your verdict should be for the defendant on this claim.

Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995); *Hanson v. City of Snohomish*, 121 Wn.2d 552, 852 P.2d 295 (Wash. 1993); Lacey v. Maricopa County, 649 F.3d 1118 (9th Cir. 2011).

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
16

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2     PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 42 – Malice -- Definition

3         In a malicious prosecution context, the term "malice" has a more general

meaning than it does in ordinary parlance. A plaintiff can prove malice by showing that

4

the prosecution was commenced for improper or wrongful motives or in reckless

5

disregard of the plaintiff's rights. Malice may be inferred from lack of probable cause.

6

7     *Bender v. City of Seattle*, 99 Wn.2d 582, 593-94 664 P.2d 492, 500 (1983).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24



CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 43

As you have been instructed, the first element of the ADA claim that the plaintiff must prove is that the plaintiff has a recognized disability under the ADA. A "disability" under the ADA is a physical impairment being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

The terms disability and physical or mental impairment include (1) any physiological disorder, or condition, or anatomical loss affecting one or more of the following body systems:

special sense organs, respiratory (including speech organs); reproductive, digestive, genito-urinary.

Major life activities are the normal activities of living which a non-disabled person can do with little or no difficulty, such as caring for oneself, performing manual tasks, walking, sleeping, seeing, hearing, speaking, breathing, learning, engaging in sexual relations, reproducing, interacting with others, and working.

A limitation is substantial if the disabled person is unable to perform the activity or is significantly restricted in doing so.

Factors to consider in deciding whether a major life activity is substantially limited include:

(1) the nature and severity of the impairment;

(2) the duration or expected duration of the impairment; and

(3) the permanent or long-term impact of the impairment.

NCPI 12.2 ADA—PHYSICAL OR MENTAL IMPAIRMENT (modified)

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. No. 44

To establish the defendant's duty to provide a reasonable accommodation, the plaintiff must prove, by a preponderance of the evidence, both of the following elements:

1. the plaintiff requested of the defendant an accommodation due to a disability;

or

1. the defendant knew, or had reason to know that:

(a) the plaintiff has a disability;

(b) the plaintiff was experiencing problems because of the disability; and

(c) the disability prevented the plaintiff from requesting a reasonable accommodation.

and

2. the defendant could have made a reasonable accommodation that would have enabled the plaintiff to benefit from the services of the jail.

It is for you to determine whether the accommodation requested by the plaintiff is reasonable.

A reasonable accommodation does not include changing or eliminating any essential function of the jail, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

**NCPI 12.8 ADA—REASONABLE ACCOMMODATION [modified]**

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1       PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 45 ("Discrimination"

2   Defined)

3       To prove discrimination under the ADA or RA, plaintiff must prove that the

4   County failed to provide her the opportunity to participate in the same programs,

5   benefits or services of its jail that hearing people are able to, and to be able to

6   participate to the same extent that hearing people are able to.  In order to provide deaf

7   persons with the opportunity to participate in its programs, benefits or services, the

8   County was required to do all of the following:

9       1. Provide "effective communication" between deaf people and its employees

10  and agents;

11      2. Provide "auxiliary aids and services" where necessary to ensure effective

12  communication;

13      3. Provide information concerning the existence and location of accessible

14  services and activities as well as "notice" to the deaf person regarding her rights under

15  the ADA and RA; and

16      4. Provide reasonable accommodations where necessary to ensure effective

17  communication and otherwise to avoid discrimination.

18      28 CFR §§35.130(b)(1)(i)-(iii) (vii); 28 C.F.R. §§ 41.51(b)(1)(i)-(iii), (vii); 28 C.F.R.

19  §35.160; 28 C.F.R. 35.106, 35.163(a); 28 C.F.R. §35.130(b)(7).

20

21

22

23

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 46 (Effective Communication)

In order to provide deaf persons the opportunity to participate in the County's programs, benefits and services, the County must ensure that its employees and agents have "effective communication" with deaf people. That means that the County must ensure that deaf people can communicate with its employees and agents in a manner that is as effective as the communication that they have with people who are not deaf. For example, the County must ensure that deaf people who are arrested and taken into the care and custody of the County receive the same quality of communication that the County provides to people who are not deaf and are taken into their care and custody.

The type of actions that the County was required to take to ensure effective communication depends on several factors, including:

1.      the method of communication preferred by the deaf person;

2.      the nature, length, and complexity of the communication involved; and/or

3.      the context in which the communication is taking place.

If you find that the County did not provide effective communication to the Plaintiff, then you must find that the County violated the ADA and RA with respect to that Plaintiff.

28 C.F.R. §35.160(a)(1); 28 C.F.R. § 41.51(e); 28 C.F.R. §35.160(b)(2).

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 47

(Auxiliary Aids and Services For Effective Communication)

The ADA and RA require that the County must provide auxiliary aids and services to deaf people if it is necessary to ensure effective communication. The services necessary to ensure effective communication may include, but are not limited to, providing qualified sign language interpreters, providing TTYs (phone systems that can be used by deaf people), and close- captioned televisions.

In determining what the County was required to do to provide effective communication, the County was required to give primary consideration to the preferences of the deaf people involved, that is, to the preferences of LaShonn White.

The County must also provide an opportunity for deaf people to request the type of communications methods that they prefer. The County must honor that preference unless it can show that another effective means of communication exists or that use of the means chosen would constitute an "undue burden."  If the County attempts to use a different means of communication than that preferred by the deaf person, the County has the burden of proving that its method is as effective as the method preferred by the deaf person.

While exchanging notes is one possible method of communication, sign language interpreters may be required when a deaf person's primary language is sign language, and the information being communicated with the deaf person is complex, or the discussion is lengthy. There are many situations where effective communication between law enforcement and deaf people is critical, including interviewing deaf people, engaging in a complex conversation, or assessing their classification or suicide risk.  In these situations, law enforcement must provide the deaf person a qualified sign

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
22

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

language interpreter when necessary to ensure effective communication.  Similarly,

when a law enforcement officer is interviewing or engaging in any complex conversation

with a person whose primary language is sign language, a qualified interpreter is usually

needed to ensure effective communication.


28 C.F.R. § 35.104 (definition of "auxiliary aids and services.")

28 C.F.R. § 35.160(b)(2); 28 C.F.R. §3 5.160(b)(2); Guidance On ADA Regulation On

Nondiscrimination On The Basis Of Disability In State And Local Government Services

Originally Published July 26, 1991, 28 C.F.R. pt. 36, app. B ("The public entity shall

honor the choice [of auxiliary aid] unless it can demonstrate that another effective

means of communication exists or that use of the means chosen would not be required

under § 35.164." (Emphasis added)); see also, e.g., Hayden v. Redwoods Community

College District, 2007 WL 61886, at *9 (N.D. Cal. Jan. 8, 2007) (holding that where the

defendant proffered what it believed to be an alternative means of communication, it

was the defendant's "burden . . . to demonstrate the proffered aid's effectiveness"); Nat'l

Fed'n of the Blind v. Target, 452 F. Supp. 2d 946 (N.D. Cal. 2006) (holding that after the

plaintiffs had stated a claim by alleging that the defendant's website was not accessible

to blind people, "the burden then shift[ed] to defendants to assert, as an affirmative

defense, that they already provide the information . . . in another reasonable format.");

Center v. City of West Carrollton, 227 F. Supp. 2d 863, 868 (S.D. Ohio 2002) (quoting

Guidance language above, and holding that the ADA and RA "require that a public

entity must give deference to a disabled person's choice of auxiliary aid, unless it can

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1  demonstrate that another effective means of communication exists, or that use of the

2  means chosen would not be required under § 35.164.).

3       See also Chisolm v. McManimon, 275 F.3d 315, 319, 328-29 (3th Cir. 2001)

4  (noting importance of interpreter during intake and classification.

5       U.S. Department of Justice, Communicating with People Who are Deaf or Hard

6  of Hearing:  ADA Guide for Law Enforcement Officers.  Exhibit _____.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 48 (Qualified Interpreter)

If the service required or requested was the assistance of a sign language interpreter, then the County must provide a qualified sign language interpreter as defined in the following instruction. A "qualified interpreter" means an interpreter who, via a video remote interpreting (VRI) service or by personal appearance, is able to interpret effectively, accurately, and impartially, in conversations with a deaf person, using any necessary specialized vocabulary. Qualified interpreters include, for example, sign language interpreters.

Someone with only a rudimentary familiarity with sign language or finger spelling is not a "qualified interpreter."

28 C.F.R. § 35.104.

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 49 (Notice)

The County was required to make information available to LaShonn White regarding her rights under the ADA and RA.  The County was also required to ensure that LaShonn was able to obtain information as to the existence and location of accessible programs, services, and activities, including available services and accommodations, while they were in the care and custody, or being taken into the care and custody, of the County.  In providing such information, the County was required to comply with the requirements for effective communication.

If you find that it is more likely than not that the County failed to provide the Plaintiff information concerning the requirements of the ADA and RA and the existence and location of accessible services, then you must find that the County violated the ADA and RA with respect to Plaintiff.


28 C.F.R. 35.10; 35.163(a)

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 50

2          (Elements of Claims under Section 504 of the Rehabilitation Act and the ADA)

3    Plaintiff LaShonn White claims that the County of Pierce violated the Rehabilitation Act

4    of 1973 which prohibits discrimination against persons with disabilities by entities that

5    receive federal financial assistance.  Plaintiff also claims that the City violated the

6    Americans with Disabilities Act, or the "ADA," which prohibits discrimination against

7    people with disabilities by public entities such as cities.

8          The parties agree that at all times relevant to this case, the County of Pierce was

9    required to follow the ADA and RA. Thus, the County and its employees and agents,

10   including its jails and detention facilities, were also covered by the ADA and the RA.

11   You must find in favor of Plaintiff under the ADA and RA if Plaintiff shows that:

12          1.      she was disabled;

13          2.      she was otherwise qualified to participate in the programs, services and

14          activities; and,

15           3. the program discriminated against her because of his or her disability.

16          The parties agree that – because of her deafness – LaShonn White is

17   disabled. That means the parties agree that Plaintiff satisfy the first ADA/RA

18   requirement.

19

20   **Basis**: 29 U.S.C. §794(a); 29 U.S.C. §794(b)(1); section 504 of the Rehabilitation

21   Act.

22          Plaintiff has combined the instructions for section 504 of the Rehabilitation

23   Act and the ADA. "Because the language of [Title II of the ADA and the Rehabilitation

24   Act] is substantially the same, we apply the same analysis to both." *Cohon ex rel. Bass*

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
27

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    *v. N.M. Dep't of Health*, 646 F.3d 717, 726 (10th Cir. 2011) (*quoting Doe v. Univ. of Md.*

2    *Med. Sys. Corp.*, 50 F.3d 1261, 1264 n.9 (4th Cir. 1995)). In addition, because the

3    coverage of both statutes (receiving federal funding; being a public entity) is not

4    disputed, we have not included that element in the list.

5            Under 9th Circuit caselaw, "[T]he public entity 'is required to undertake a

6    fact-specific investigation to determine what constitutes a reasonable accommodation.'

7    Section 504 and the ADA 'create a duty to gather sufficient information from the

8    [disabled individual] and qualified experts as needed to determine what

9    accommodations are necessary." Id., citing Wong v. Regents of University of California,

10    192 F.3d 807, 818 (9th Cir.1999). Therefore, an entity does not 'act' by merely proffering

11    just any accommodation, especially when the accommodation is based on stereotypes

12    of the person's disability. Id. Rather, it must consider the individual's particular needs

13    when investigating what accommodations are reasonable." *D.A. v. Meridian Joint*

14    *School Dist. No. 2*, 289 F.R.D. 614, 623 (D. Idaho 2013); see also Duvall v. County of

15    Kitsap 260 F.3d 1124, 1139 (9th Cir. 2001); *City of Canton v. Harris*, 489 U.S. 378, 389,

16    109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

17            *Barber ex rel. Barber v. Colorado Department of Revenue*, 562 F.3d 1222,

18    1228 (10th Cir. 2009), provides the following elements of a prima facie case under

19    Section 504: "(1) plaintiff is handicapped under the Act; (2) [she] is 'otherwise qualified'

20    to participate in the program; (3) the program receives federal financial assistance; and

21    (4) the program discriminates against plaintiff." Citation omitted.

22            *Robertson v. Las Animas County Sheriff's Department*, 500 F.3d 1185,

23    1193 (10th Cir.

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1       2007), provides the following elements under Title II: "(1) [the plaintiff] is a

2   qualified individual with a disability, (2) who was excluded from participation in or denied

3   the benefits of a public entity's services, programs, or activities, and (3) such exclusion,

4   denial of benefits, or discrimination was by reason of a disability."

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2  PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 51 (Accommodations in the

3  Courtroom)

4      During this trial, there may often be sign language interpreters present in the

5  court room. These individuals will assist this Court with the testimony of the witnesses

6  who are deaf and who will be communicating using American Sign Language, also

7  known as "ASL". The procedure for such a witness is that the attorney will ask the

8  witness a question, the question will then be translated into ASL by the interpreter for

9  the witness, the witness will testify in ASL, and the interpreter will then inform the jury

10  and court what that witness has said.   The interpreter is required to remain neutral. The

11  interpreter is required to translate between English and ASL accurately and impartially

12  to the best of the interpreter's skill and judgment.   You may notice that the witness who

13  is deaf may also communicate using what appears to be exaggerated facial expressions

14  or hand gestures. This is a necessary part of American Sign Language. Grammar is

15  conveyed through these facial expressions and gestures. You should not place any

16  negative implications on these expressions or gestures, even if they appear to be

17  exaggerated or unusual to persons who do not communicate using ASL.  When there is

18  an interpreter, the process of taking testimony is a bit different. An interpreter must

19  listen to the entire question, before beginning to interpret to ensure that the entire

20  question is interpreted accurately. American Sign Language (ASL) is very different from

21  English. Often, there are not ASL signs for English words, and no English word for an

22  ASL sign, so the entire question must be interpreted as a whole. The process is

23  reversed for answers. You must evaluate interpreted witness testimony as you would

24  any other testimony. That is, you must not give interpreted testimony any greater or

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
30

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1  lesser weight than you would if the witness had spoken English. You must not make any

2  assumptions that a witness is less credible because that witness relies on the

3  assistance of an interpreter to communicate.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 52

In order to prevail on her WLAD claim against Pierce County, the plaintiff must prove the following elements:

(1) the plaintiff is disabled;

(2) the jail is a place of public accommodation;

(3) plaintiff was not provided services comparable to those provided nondisabled persons by or at the jail;  and

(4) the disability was a substantial factor causing the discrimination.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for the plaintiff on the WLAD claim.  On the other hand, if you find that any of these propositions has not been proved, your verdict should be for the defendant on this claim.


Fell v. Spokane Transit Auth., 128 Wn.2d 618, 637, 911 P.2d 1319 (1996).

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

8  **LASHONN WHITE,**

9      **Plaintiff,**                    **No. 3:12-cv-05987-RBL**

10     **vs.**

11  **RYAN KOSKOVICH, MICHAEL YOUNG,**     **SPECIAL VERDICT**

12  **CITY OF TACOMA, PIERCE COUNTY**

13     **Defendants**

14

15      WE THE JURY, answer the following questions submitted by the Court as

16  follows:

17  A.     Section 1983 (CIVIL RIGHTS) CLAIMS AGAINST INDIVIDUAL OFFICERS

18  <u>QUESTION NO. 1</u>

19      Do you find for the plaintiff, LaShonn White, on her claim that Officer Ryan

20  Koskovich violated her constitutional right to be free from excessive force?

21  Answer:     Yes _____          No _____

22

23  <u>QUESTION NO. 2</u>

24

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
33



CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    Do you find for the plaintiff, LaShonn White, on her claim that Officer Ryan

2  Koskovich violated her constitutional right to be free from wrongful arrest.

3  Answer:      Yes _____              No _____

4

5  QUESTION NO. 3

6    Do you find for the plaintiff, LaShonn White, on her claim that Officer Michael

7  Young violated her constitutional right to be free from wrongful arrest?

8  Answer:      Yes _____              No _____

9

10  QUESTION NO. 4

11    Do you find for the plaintiff, LaShonn White, on her claim that Officer Michael

12  Young maliciously prosecuted her with the intent to violate her constitutional rights as

13  described in the instructions?

14  Answer:      Yes _____              No _____

15

16  B.      Section 1983 (CIVIL RIGHTS) CLAIMS AGAINST GOVERNMENT ENTITIES

17

18  QUESTION NO. 5

19    Do you find for the plaintiff, LaShonn White, on her claim that her constitutional

20  rights were violated because the City of Tacoma failed to train its officers regarding

21  when and/or how to request a sign-language interpreter?

22  Answer:      Yes _____              No _____

23

24  QUESTION NO. 6

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
34

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

Do you find for the plaintiff, LaShonn White, on her claim that her constitutional rights were violated because the City of Tacoma had a practice or custom of denying Deaf victims, suspects, and witnesses a sign-language interpreter?

Answer:      Yes _____            No _____

## C.      STATE LAW (MALICIOUS PROSECUTION AND OUTRAGE) CLAIMS

QUESTION NO. 7

Do you find for the plaintiff, LaShonn White, on her state law claim that Officer Michael Young maliciously prosecuted her?

Answer:      Yes _____            No _____

QUESTION NO. 8

Do you find for the plaintiff, LaShonn White, on her claim that Officer Ryan Koskovich committed the tort of outrage against her?

Answer:      Yes _____            No _____

QUESTION NO. 9

Do you find for the plaintiff, LaShonn White, on her claim that Officer Michael Young committed the tort of outrage against her?

Answer:      Yes _____            No _____

## D.      AMERICANS WITH DISABILITIES AND REHABILITION ACT CLAIMS

QUESTION NO. 10

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
35

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    Do you find for the plaintiff, LaShonn White, on her claim that Pierce County

2  violated her rights under the Americans with Disabilities Act and the Rehabilitation Act?

3  Answer:      Yes _____              No _____

4

5  E.    WASHINGTON LAW AGAINST DISCRIMINATION (WLAD) CLAIMS

6  QUESTION NO. 11

7    Do you find for the plaintiff, LaShonn White, on her claim that Pierce County

8  violated her rights under the Washington Law Against Discrimination?

9  Answer:      Yes _____              No _____

10

11 F.    DAMAGES

12

13 QUESTION NO. 12

14    If you answered yes to question 1, 2, 3, 4, 5, or 6, what is the total amount of

15 damages that would reasonably compensate LaShonn White for her pain and suffering

16 and emotional distress for those questions?

17    Answer _____

18

19    If you have found that plaintiff did not prove any amount of compensatory

20 damages, but you answered "Yes" to Questions 1, 2, 3, 4, 5, or 6, you must award

21 nominal damages of no more than $1.00.

22    Nominal Damages _____

23

24 QUESTION NO. 13

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
36

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1        If you answered yes to question 7, 8, or 9, what is the total amount of damages

2  that would reasonably compensate LaShonn White for her pain and suffering and

3  emotional distress for those questions?

4        Answer _____

5

6  <u>QUESTION NO. 14</u>

7        If you answered yes to question 10, what is the total amount of damages that

8  would reasonably compensate LaShonn White for her pain and suffering and emotional

9  distress for that question?

10       Answer _____

11

12       If you have found that plaintiff did not prove any amount of compensatory

13  damages, but you answered "Yes" to Question 10 you must award nominal damages of

14  no more than $1.00.

15       Nominal Damages _____

16

17  <u>QUESTION NO. 15</u>

18       If you answered yes to question 11, what is the total amount of damages that

19  would reasonably compensate LaShonn White for her pain and suffering and emotional

20  distress for that question?

21       Answer _____

22

23

24

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
37

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    If you have found that plaintiff did not prove any amount of compensatory

2    damages, but you answered "Yes" to Question 11 you must award nominal damages of

3    no more than $1.00.

4    Nominal Damages _____

5

6    <u>QUESTION NO. 16</u>

7    If you answered yes to either or both of questions 1 or 2, do you find that plaintiff

8    LaShonn White is entitled to punitive damages for the conduct of Officer Koskovich?

9    Answer:    Yes _____    No _____

10    If you answered yes to question 16, then please proceed to question 17,

11    otherwise proceed to question 18.

12

13    <u>QUESTION NO. 17</u>

14    If you answered yes to question 16, then how much is plaintiff LaShonn White

15    entitled to for punitive damages for the actions of Officer Koskovich?

16    Answer _____

17

18    <u>QUESTION NO. 18</u>

19    If you answered yes to either or both of questions 3 or 4, do you find that plaintiff

20    LaShonn White is entitled to punitive damages for the conduct of Officer Young?

21    Answer:    Yes _____    No _____

22    If you answered yes to question 18, then please proceed to question 19,

23    otherwise please proceed to sign and date the verdict.

24

PLAINTIFF'S PROPOSED NON AGREED
JURY INSTRUCTIONS
12-cv-05987-RBL
38

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1   QUESTION NO. 19

2          If you answered yes to question 18, then how much is plaintiff LaShonn White

3   entitled to for punitive damages for the actions of Officer Young?

4          Answer _____

5

6          PLEASE SIGN AND DATE THE VERDICT

7

8

9          DATED THIS _____ day of _____, 2014.

                                        _____
10                                      PRESIDING JUROR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486