HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LASHONN WHITE,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF TACOMA, et al.<br><br>                Defendants. | CASE NO. C12-5987 RBL<br><br>ORDER DENYING MOTIONS FOR NEW TRIAL AND JUDGMENT AS A MATTER OF LAW<br><br>DKT. #170 AND #176 |

      THIS MATTER is before the Court on Defendants Ryan Koskovich and Michael Young's Rule 50(b) motion for judgment as a matter of law (Dkt. # 176) and Plaintiff LaShonn White's Rule 59 motion for a new trial (Dkt. #170).  White sued Officers Koskovich and Young, the City of Tacoma, and other defendants after she was tased, arrested, and taken to jail following a fight inside her home.  Some of her claims were dismissed before trial, including her ADA claim against the City.  After a seven-day trial, the jury found that Officers Koskovich and Young had arrested White without probable cause.  The jury returned defense verdicts on all of White's other claims.  The jury was asked to fully compensate White for her injuries and awarded only $1 as nominal damages.

      The Officers move for judgment as a matter of law, despite the jury verdict. As they did in their summary judgment motion (and at the time of the arrest, according to the jury), the

ORDER - 1

Officers again ignore the evidence that undermines their case for probable cause. Instead, they focus only on the "uncontroverted facts" that support their decision to arrest White. They argue that they had probable cause to arrest White based on those uncontroverted facts, so the jury verdict cannot stand.

White moves for a new trial on her ADA and *Monell* claims against the City. On the Friday before trial, the Ninth Circuit issued its opinion in *Sheehan v. San Francisco*, 743 F.3d 1211 (9th Cir. 2014). In *Sheehan*, the 9th Circuit held for the first time that Title II of the ADA applies to arrests. White argues that *Sheehan* is an intervening change in controlling law, and, based on that new authority, that the Court erroneously dismissed her ADA claim on summary judgment. In addition to asking for a new trial on her ADA claim, she also asks for a new trial on her *Monell* claims against the City. She tried those claims and lost. She does not claim that the jury was improperly instructed. Rather, she contends that her *Monell* claims were unfairly prejudiced because the City's attorney was allowed to tell the jury that the ADA did not require the City to provide her with an ASL interpreter during the on-scene investigation.

A.     The Officers Motion for Judgment as a Matter of Law

The Officers contend that there was insufficient evidence presented at trial to support the jury's finding that they arrested White without probable cause. Their current motion rehashes their summary judgment argument and their argument to the jury. Once again, they highlight the "uncontroverted facts" that support a finding a probable cause and contend that everything else is irrelevant.

A jury verdict must be upheld if it is supported by substantial evidence. *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001). When considering a Rule 50(b) motion, the court must draw all reasonable inferences in the nonmoving party's favor and cannot make credibility determinations, or otherwise weigh evidence. *Reeves v. Sanderson*

*Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).  The question is whether sufficient evidence was presented at trial that supports the verdict, not whether the jury could have come to a different conclusion.  *Id.*

While the facts that the Officers put emphasis on may be uncontroverted, that does not mean that there are not other facts that are also significant when considering whether there was probable cause at the time of arrest.  Indeed, the jury heard evidence that before arresting White, the Officers knew that White had called 911 to report that Johnson had assaulted her in her own home, that the Officers were unable to meaningfully communicate with either White or Johnson on the scene, and that the Officers were ultimately unable to determine who had started the fight.  The Officers also learned that White was deaf, which could explain why she failed to follow their verbal orders to stop as she ran toward them.

While the facts that the Officers highlight would have certainly supported the jury's verdict if it had found in the Officers' favor, the facts that they ignore support the jury's conclusion that they did not have probable cause to arrest White.  Substantial evidence was presented at trial that supports the jury's verdict, so the Officers' Rule 50(b) motion for judgment as a matter of law [Dkt. #176] is **DENIED**.

   **B.**  **White's Motion for a New Trial**

When the Court was considering the parties' summary judgment motions, the Ninth Circuit had not yet considered whether the ADA applies to arrests.  Without the benefit of binding Ninth Circuit authority, the Court relied heavily on the reasoning in *Patrice v. Murphy*, 43 F.Supp.2d 1156 (W.D. Wash 1999) and concluded that the ADA does not apply to on-the-scene police investigations unless the plaintiff claims that he or she was arrested because of his or her disability.  Accordingly, the City's motion for summary judgment was granted.  The Court

noted, however, that the City's failure to provide White with an interpreter was relevant to her wrongful arrest and *Monell* claims against the City.

On February 21, 2014, the Friday before trial, the Ninth Circuit held that a municipality may be liable for violating the ADA if it fails to "reasonably accommodate [an individual's] disability in the course of an investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees." *Sheehan*, 743 F.3d at 1232. White argues that *Sheehan* was an intervening change in controlling law that renders this Court's summary judgment order erroneous. She moves for a new trial on her ADA claim and also asks for a new trial on her *Monell* claims. She contends that she should get to re-try her *Monell* claims because the City's attorney was allowed to tell the jury that the ADA did not require it to provide White with an ASL interpreter during the on-scene investigation while discussing the City's *Monell* liability.

A district court may grant a new trial under Fed. R. Civ. P. 59(a) to correct manifest errors of law or fact or if there has been an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Harmless error does not warrant a new trial. Fed. R. Civ. P. 61.

The City contends first that White is not entitled to a new trial because she failed to raise the issue before trial. While White could have conceivably raised the issue before *voir dire*, this argument is nearly frivolous and does not warrant serious discussion. The Court will not fault White's attorneys for not knowing about a Ninth Circuit slip opinion that was issued on the Friday before the start of trial on Monday.

The City also argues that the jury concluded that written communication was a reasonable accommodation for White's disability by finding that the County did not violate the

ADA.  The City presented evidence at trial that the Officers tried to use similar means to communicate with White during the investigation.  Thus, it contends that the issues underlying White's ADA claim were, in fact, fully litigated at trial.  Because it offered the same type of accommodations as the County, the City argues that White should not be granted a new trial on her ADA claim.

The City is correct that, if asked, the jury would have likely concluded that the City offered reasonable accommodations to White by offering to pass notes and finger-spell in sign language.  But the jury was not asked that question, and it is not the Court's role to weigh evidence.  Whether an accommodation is reasonable is a highly fact-specific inquiry based on all of the circumstances.  *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002).  Thus, while the jury likely found for the County because it concluded that written communication was a reasonable accommodation for White at the jail, the same accommodations are not necessarily reasonable under different circumstances.

However, not allowing White to try her ADA claim at trial was harmless error because she was fully compensated for all of her damages.  There is no intrinsic benefit in having an interpreter.  For White, the value of having an interpreter (or other reasonable accommodation) during the on-scene investigation would have been the ability to effectively communicate with the officers so that she was not arrested.  Logically, the only damages that she could claim to have suffered for any ADA violation, then, would be her damages for being wrongfully arrested.  Accordingly, even if she had tried her ADA claim and prevailed, it is certain that the jury would not have awarded more than the nominal damages that she has already received.

It was also harmless error for the Court to allow the City's attorney to tell the jury that the ADA did not require it to provide White with an interpreter during the investigation.  Whether

the City was compelled to provide White with an interpreter is not relevant to the City's § 1983 *Monell* liability.  The jury was properly instructed and found that the City was not liable.  Even if counsel's argument was improper, it was harmless.  White's motion for a new trial [Dkt. #170] is **DENIED**.

## II.     CONCLUSION

After a week-long trial, based on competent evidence, the jury rendered defense verdicts on all of White's claim except her wrongful arrest claim against the Officers.  Sufficient evidence supports the verdict against the Officers, so their motion for judgment as a matter of law [Dkt. #176] is **DENIED**.  Regarding White's motion, her ADA claim would have been another pathway to recovery, but it would not have entitled her to more damages.  The jury found for White on her wrongful arrest claim and fully compensated her.  Because she was fully compensated for all of the damages that she could have claimed if she had prevailed on her ADA claim, she was not prejudiced by not being allowed to present that claim to the jury.  Accordingly, any error was harmless and White's motion for a new trial [Dkt. #170] is **DENIED.**

IT IS SO ORDERED.

Dated this 22nd day of August, 2014.

*(signature)*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE